56 P.3d 608 (2002)
In re the Detention of Benjamin Israel ABOLAFYA, Respondent,
v.
STATE of Washington, Appellant.
No. 50389-8-I.
Court of Appeals of Washington, Division 1.
October 28, 2002.
*609 Joe Solseng, King Co. Pros. Atty., Settle, WA, for Appellant.
Laurie K. Fall, Douglass C. McCrae, Seattle, WA, for Respondent.
APPELWICK, J.
The State attempted to civilly commit Benjamin Abolafya as a sexually violent predator under chapter 71.09 RCW based on a 1993 conviction for residential burglary. The burglary conviction was based on a negotiated plea agreement which made no finding of sexual motivation. The State argues that the civil commitment statute allows them to use the burglary offense as the predicate offense as long as they prove beyond a reasonable doubt at the civil commitment proceeding that the burglary was sexually motivated. Abolafya contends that the trial court correctly dismissed the State's petition because the State's attempt to prove sexual motivation at the civil commitment proceeding is not allowed by the statute and violates Abolafya's rights to equal protection and his plea agreement. Since (1) the statute allows the State to prove sexual motivation at the civil commitment proceeding, (2) no equal protection violation has been established, and (3) the plea agreement was not violated, the order of dismissal is reversed and we remand for a decision on the merits.

FACTS
In 1993, Benjamin Abolafya was charged with attempted rape in the first degree and burglary in the first degree. Following plea negotiations, Abolafya pled guilty to one count of residential burglary pursuant to RCW 9A.52.025. Residential burglary is a non-sexual offense. There was no finding of sexual motivation in the judgment and sentence.
Abolafya was released on March 20, 1997. Twenty-two days later, Abolafya was arrested for rape. Following a jury trial, he was found guilty of rape in the third degree and sentenced to five years in prison.
While in prison, Abolafya participated in the Twin Rivers Sex Offender Treatment Program (SOTP). A treatment summary was completed at the end of Abolafya's participation. The stated purpose of the treatment summary was to review Abolafya's participation in the program and to estimate his potential to reoffend.
The following description regarding the 1993 residential burglary conviction was attributed to Abolafya in the treatment summary:
Mr. Abolafya was charged 2 and ½ months after the first incident with First Degree Attempted Rape and First Degree Burglary. At about 10:30 a.m., Mr. Abolafya went to the door of a 70 year old wheelchair bound disabled woman. He began to manipulate this woman by leading her to think he was an acquaintance of her husband. He gained entry to this woman's home when he asked her to see a phone *610 book. When she left the door, Mr. Abolafya went into the living room and was waiting for her on the couch. Mr. Abolafya turned the victim around in her chair and headed down the hall telling her, "your going to get a treat, you are going to have some sex." When he attempted to pull down her pants, the victim began to resist by screaming and fighting him. Mr. Abolafya attempted to force the victim to fellate him when he fell on top of the victim knocking her to the floor where she hit her head. After losing control of the situation, Mr. Abolafya aborted the rape attempt and robbed the woman of $65. Mr. Abolafya later pled guilty to an amended charge of Residential Burglary.
Mr. Abolafya's version was consistent with official documentation with the following exceptions. The police report stated Mr. Abolafya was wearing a disguise when he attacked the victim. Mr. Abolafya adamantly denies this. He stated the victim thought he was a friend of her husbands and was calling him another name.
The treatment summary also contains admissions by Abolafya of two other rapes. One rape occurred just prior to the 1993 residential burglary and was pled concurrently. Abolafya was convicted of another rape in 1997, which also was described in the treatment summary. The SOTP clinical treatment team concluded that Abolafya was a high risk for committing another sexual offense.
On March 17, 2002, psychologist Dennis Doren, Ph.D. completed a report on Abolafya entitled "Preliminary Chapter RCW 71.09 Evaluation." Dr. Doren reviewed extensive documents regarding Abolafya, including psychological evaluations, court documents, medical records, police reports, probations reports, and department of corrections files. Mr. Abolafya was offered the opportunity to meet with Dr. Doren, but he declined. Dr. Doren's professional opinion is that Abolafya meets the statutory criteria for a sexually violent predator.
On April 8, 2002, shortly before his release for the 1997 rape conviction, the State filed a sexually violent predator petition against Abolafya under chapter 71.09 RCW. The SOTP treatment summary and Dr. Doren's report were attached to the State's "Certification for Determination of Probable Cause."
The Honorable James Doerty found probable cause and granted the State's ex parte petition. A probable cause hearing was scheduled for April 10, 2002. By agreement of the parties, the hearing was continued to April 22, 2002, before the Honorable Greg Canova. Judge Canova recused himself on April 15, 2002, and the Honorable Suzanne Barnett was assigned.
On April 22, 2002, the probable cause hearing commenced. Witnesses were called and examined. On April 30, 2002, Judge Barnett found that the State's reliance on the 1993 certification for probable cause was insufficient to show probable cause to believe there was a sexually violent predicate offense without alleging that there was "new or different evidence of sexual motivation to present at the RCW 71.09.040 hearing."
The trial court dismissed the petition. The order of dismissal provides:
The petition to civilly commit Benjamin Abolafya pursuant to RCW 71.09 is dismissed for failure of the State to establish probable cause to believe that Benjamin Abolafya has committed the necessary predicate sexually violent offense as defined in RCW 71.09.020(11).
Respondent's 1993 conviction for Residential Burglary does not satisfy the definition of sexually violent offense. Residential Burglary is not a sexually violent offense unless it is sexually motivated under RCW 9.94A.030. The State has not alleged that it has new or different evidence of sexual motivation to present at the RCW 71.09.040 hearing beyond the 1993 Certification for Determination of Probable Cause.
The State asserts that the trial court erred as a matter of law when it dismissed the petition for failure to allege new evidence existed. The State argues that the civil commitment statute clearly allows the State to prove the sexual motivation of a prior conviction during a civil commitment proceeding without requiring the presentation of new evidence. Abolafya argues that the statutory *611 language is clear that he had to be "previously" convicted of a sexually violent offense before a civil commitment petition could be filed against him. Abolafya further argues that if the State were allowed to prove sexual motivation at a civil commitment proceeding, Abolafya's rights to equal protection would be violated and it would be a violation of the plea agreement.

ANALYSIS
I. Statutory Language
Chapter 71.09 RCW authorizes the State to petition to have a person civilly committed as a sexually violent predator under five circumstances. RCW 71.09.030. The portion of the statutes that applies to Abolafya states:
When it appears that: (1) A person who at any time previously has been convicted of a sexually violent offense is about to be released from total confinement on, before or after July 1, 1990; ... and it appears that the person may be a sexually violent predator, the prosecuting attorney of the county where the person was convicted or charged ... may file a petition alleging that the person is a "sexually violent predator" and stating sufficient facts to support such allegation.[1]
RCW 71.09.030 (emphasis added). A "[s]exually violent offense" is defined in RCW 71.09.020(11) and includes:
[A]n act committed on, before or after July 1, 1990, that is: ... (c) an act of ... residential burglary, ... which act, either at the time of sentencing for the offense or subsequently during civil commitment proceedings pursuant to this chapter, has been determined beyond a reasonable doubt to have been sexually motivated, as that term is defined in RCW 9.94A.030....
(Emphasis added). The State asserted in its petition and certification of probable cause that it intended to use Abolafya's 1993 conviction for residential burglary as the necessary predicate offense for this petition. Recognizing that such an offense is not, on its own, a "[s]exually violent offense," the State asserted that it would prove that the offense was sexually motivated at the civil commitment proceeding.
Abolafya argues the State has not met the prerequisites for filing a petition. He argues that no sexual motivation was proven for his residential burglary conviction prior to filing the petition.
To the extent Abolafya's argument is jurisdictional, we disagree. Under RCW 71.09.030, a previous conviction is required. The conviction must be for a sexually violent offense as defined by RCW 71.09.020(11). A residential burglary conviction will qualify if it is proven beyond a reasonable doubt to be sexually motivated. Under RCW 71.09.020(11), sexual motivation of a residential burglary may be proven either at the criminal trial for the original conviction, or subsequently during the civil commitment proceedings. RCW 71.09.020(11).
The prior conviction for residential burglary, together with the current allegation of sexual motivation is adequate to establish a sexually violent offense conviction for the purpose of filing a civil commitment proceeding. Abolafya's case is just the sort of case for which the statute was designed. The petition was properly filed.
To the extent Abolafya's argument is procedural, we again disagree. Contrary to Abolafya's contentions, the civil commitment statute has no provision for any independent civil proceeding to determine sexual motivation. Furthermore, whether sexual motivation is addressed in a prior independent process, as a separate threshold hearing after the filing of the petition, or in the due course of a civil commitment proceeding is of no adverse consequence procedurally or substantively. The proceedings would be civil in nature, not criminal. The standards for admitting evidence would not change. The burden on the State to prove sexual motivation beyond a reasonable doubt would not change. Therefore, we see no legal basis or logical reason why an independent civil proceeding *612 prior to the filing of a civil commitment petition is required.
The trial court erred as a matter of law in dismissing the petition. We reverse and remand for civil commitment proceedings.
II. Equal Protection
Abolafya argues that permitting the State to prove sexual motivation at the civil commitment proceeding, rather than at a separate chapter 71.09 RCW proceeding, violated Abolafya's right to equal protection. Abolafya explains that by allowing sexual motivation to be proven at the civil commitment proceeding two classes of people are created with no legitimate purpose for treating them differently. The first class consists of respondents who received the full procedural protections of a criminal trial on the predicate offense and special allegation of sexual motivation. The second class consists of respondents who are forced to defend against a special allegation of sexual motivation at a civil trial during which they have no right to remain silent and during which there will be presentation of evidence that would have been inadmissible at the criminal trial.
Under the state and federal equal protection clauses, "persons similarly situated with respect to the legitimate purposes of the law must receive like treatment." State v. Coria, 120 Wash.2d 156, 169, 839 P.2d 890 (1992). Equal protection analysis generally begins with a determination of the standard of review to apply to the challenged legislation. Macias v. Department of Labor and Indus., 100 Wash.2d 263, 267, 668 P.2d 1278 (1983).
Washington State courts use the rational basis test for reviewing involuntary commitment statutes. In re Detention of Turay, 139 Wash.2d 379, 410, 986 P.2d 790 (1999). Under this standard, "a legislative classification will be upheld unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives." State v. Thorne, 129 Wash.2d 736, 771, 921 P.2d 514 (1996). "The burden is on the party challenging the classification to show that it is purely arbitrary." Thorne, 129 Wash.2d at 771, 921 P.2d 514.
Abolafya argues that he is similarly situated to people who have already faced criminal sanctions for a special allegation of sexual motivation and who are now facing civil commitment as a result of that criminal conviction. This is incorrect. Abolafya is now facing only civil commitment, not criminal sanctions. Criminal defendants face increased prison sentences or periods of probation for findings of sexual motivation. Constitutionally they are afforded greater protections than civil respondents. Abolafya is not similarly situated to criminal defendants facing an allegation of sexual motivation.
Furthermore, the State has a rational basis for treating the two groups differently. First, the goals of civil commitment are treatment for the respondent and protection of potential victims. In re the Personal Restraint Petition of Young, 122 Wash.2d 1, 51-52, 857 P.2d 989 (1993). For instance, these goals are not served by the Fifth Amendment right to silence afforded to criminal defendants. In re Young, 122 Wash.2d at 51-52, 857 P.2d 989. Although the Fifth Amendment is a valid protection in criminal trials, that protection has been deemed an impediment to the treatment goal of chapter 71.09 RCW. In re Young, 122 Wash.2d at 51-52. Thus, the State has a rational basis for treating Abolafya as a civil respondent differently than a criminal defendant facing a criminal sexual motivation finding.
III. Plea Agreement
Abolafya contends that attempting to establish that his 1993 residential burglary conviction was sexually motivated violates his plea agreement. Future civil commitment proceedings under chapter 71.09 RCW are collateral, not direct, consequences of a plea. In re the Detention of Elmer Campbell, 139 Wash.2d 341, 360-61, 986 P.2d 771 (1999). Because a plea to a criminal charge leads only to the possibility of a later civil proceeding, a defendant does not need to be informed of this risk at the time of his plea. In re the Personal Restraint Petition of Paschke, 80 Wash.App. 439, 444, 909 P.2d 1328 (1996).
*613 Abolafya claims that he accepted the 1993 plea agreement in reliance "on [the] prosecutor's representation that the 1993 [r]esidential [b]urglary conviction would not be a sexual offense and changed his plea in reliance on that representation." "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." State v. Johnson, 23 Wash.App. 490, 496, 596 P.2d 308(1979) (quoting Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)).
The State has not attempted to criminally charge Abolafya with sexual motivation for the 1993 offense. The State, therefore, has not broken its agreement with Abolafya. The current attempt to establish the 1993 crime was sexually motivated only enables the State to seek civil commitment. Civil commitment under chapter 71.09 RCW is a possible collateral consequence of a plea and, as such, the State is not required to inform Abolafya of such a possibility. The State did not violate the 1993 plea agreement.
There are no legal bases on which to affirm the trial court's dismissal. We therefore remand for factual findings under chapter 71.09 RCW.
Reversed and remanded for further proceedings consistent with this opinion.
GROSSE and COLEMAN, JJ., concur.
NOTES
[1] Sections two through five address juvenile offenders, people already released from custody, or instances where there was a mental health issue during the criminal case. RCW 71.09.030. These do not apply to Abolafya.