## In re the COMMITMENT OF Mark PETERSIMES.

### No. 09–03–087 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 14, 2003.

Decided Nov. 20, 2003.

Kenneth W. Balusek, State Counsel for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Civil Division, Huntsville, for appellee.

Before McKEITHEN, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

The State of Texas filed a petition to commit Mark Petersimes as a sexually violent predator (SVP) pursuant to Texas Health & Safety Code Chapter 841—the Civil Commitment of Sexually Violent Predators Act ("Act"). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–841.150 (Vernon 2003 & Supp.2004). A jury found Petersimes was a repeat sexually violent predator who suffers from a behavior abnormality making him likely to engage in a predatory act of sexual violence. The trial court entered a final judgment and order of civil commitment under the Act. Petersimes raises six issues on appeal.

■ In issue one, Petersimes asserts the SVP statutory scheme is unconstitutional because it is punitive in nature and violates basic constitutional safeguards. Petersimes relies on the factors set out in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). However, we have considered and rejected similar complaints before. *See In re Commitment of Morales*, 98 S.W.3d 288, 290 (Tex.App.-Beaumont 2003, no pet. h.); *Beasley v. Molett*, 95 S.W.3d 590, 607–08 (Tex.App.-Beaumont 2002, pet. stricken); *In re Commitment of Mullens*, 92 S.W.3d 881, 883–84 (Tex.App.-Beaumont 2002, no pet. h.).

■ Petersimes further argues that the requirement of a tracking device in section 841.082(5) serves both a punitive and deterrent function. We recently considered and rejected a similar argument in *In re Commitment of Shaw*, 117 S.W.3d 520, 523 (Tex.App.-Beaumont, 2003, no pet. h.). Issue one is overruled.

■ Issue two contends due process was violated when the trial court refused to submit the issue of volitional control to the jury. We recently considered and rejected a similar argument in *In re Commitment of Almaguer*, 117 S.W.3d 500, at 501–505 (Tex.App.-Beaumont, 2003, no pet. h.).[1] Issue two is overruled.

■ In issue three Petersimes maintains Chapter 841 is unconstitutionally vague and violates the separation of powers doctrine because of subparts (4), (5), and (9) of section 841.082(a). He contends subpart (4) is unconstitutionally vague because it requires the person's participation in a "specific course of treatment" without specifying the treatment. Subpart (5) is also vague, Petersimes argues, because it requires the person to "submit to tracking under a particular type of tracking device and to any other appropriate supervision" without specifying what places the person cannot go, what conduct is expected of him, and the meaning of "any other appropriate supervision." Further, he contends subpart (9) is vague and violates the separation of powers doctrine because it allows the trial judge to impose any requirement determined necessary. Based on our previous decisions, we overrule issue three. *See Shaw*, 117 S.W.3d at 524; *Morales*, 98 S.W.3d at 291; *Beasley*, 95 S.W.3d at 608–09; *Mullens*, 92 S.W.3d at 887–88.

■ Issue four asserts evidence admitted at trial was obtained in violation of appellant's fifth amendment privilege against self-incrimination. Petersimes maintains the State gathered evidence from him in the form of interviews conducted by Dr. Lisa Clayton and Dr. Michael Gilhausen, who were working on behalf of the State. Their testimony was

---

1. I dissented in *Almaguer* on this issue. *See* *Almaguer*, at 5066–508.

used, appellant says, to convince the jury he was a sexually violent predator and resulted in a deprivation of his liberty. However, appellant did not object to the testimonies of Clayton and Gilhausen and does not contend that he otherwise preserved this issue for review. *See* Tex. R.App. P. 38.1(h); *Mullens,* 92 S.W.3d at 888 ("The Fifth Amendment privilege is not self-executing; it is a privilege that must be asserted."). Issue four is overruled.

■ Issue five argues the section 841.085 requirement that the civilly committed person submit to polygraph examinations violates the fifth amendment privilege against self-incrimination. As conceded by Petersimes, we previously have decided this issue adversely to him and see no reason to revisit our decision. *See In re Mullens,* 92 S.W.3d at 888. Issue five is overruled.

■ Issue six maintains admitting evidence regarding appellant's prior convictions was error as appellant already had stipulated to the convictions. Despite the stipulations, the State was allowed to introduce into evidence Exhibit 2A, a redacted version of appellant's penitentiary packet. Exhibit 2A included copies of the indictments and judgments for the prior offenses as well as appellant's photo and fingerprints. Included in Exhibit 2 but not allowed into evidence were copies of appellant's prison disciplinary reports.

Petersimes contends the evidence in Exhibit 2A was not relevant and thus was inadmissible under Rule of Evidence 402. Tex.R. Evid. 402. Chapter 841's requirement that a person targeted for commitment be convicted of "more than one sexually violent offense" is jurisdictional in

nature, according to Petersimes. He also maintains the requirement that the prosecutor prove the prior convictions was satisfied when he stipulated he had been convicted of those prior convictions and thus the evidence was not relevant to any issue the jury had to decide.

Petersimes further asserts that even if the evidence were relevant, it was unfairly prejudicial and should have been excluded under Rule 403. *See* Tex.R. Evid. 403. Admitting such evidence, he argues, only allows the jury to focus improperly on appellant's previous convictions or bad character, contrary to *Tamez v. State,* 11 S.W.3d 198, 202 (Tex.Crim.App.2000).

In *Tamez,* the State introduced evidence of six prior convictions for driving while intoxicated; the convictions were relevant only to establish the two prior convictions required for felony jurisdiction. *Id.* By refusing to permit the stipulation, the *Tamez* trial court allowed evidence to reach the jury that was substantially more prejudicial than probative. *Id.* Here, however, Petersimes's prior convictions are not being offered only for jurisdictional purposes. Instead, the State offered evidence of appellant's prior convictions to prove he would act in a sexually violent manner in the future. Therefore, admission of the redacted penitentiary packets were not unfairly prejudicial.[2] Issue six is overruled.

Appellant's issues are overruled. The judgment and order of the trial court are affirmed.

AFFIRMED.

---

2. Not before us in this case is whether admission of disciplinary records would be unfairly    prejudicial.