In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-440 CV


____________________



IN RE COMMITMENT OF LUIS CASTILLO







On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 02-12-08261-CV






OPINION


 The State of Texas filed a petition to commit Luis Castillo as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.147 (Vernon 2003 &
Supp. 2004). A jury found Castillo suffers from a behavioral abnormality making him
likely to engage in a predatory act of sexual violence, and found that Castillo has a serious
difficulty in controlling his behavior. The appellant does not challenge the sufficiency of
the evidence to support the jury's findings. The trial court entered a final judgment and
order of civil commitment. Castillo presents two issues in his appeal. We find no error
and affirm the judgment. 

 The appellant's first issue inquires, "whether the SVP statute [Chapter 841 of the
Texas Health and Safety Code] and 'final judgment and order of commitment' are
unconstitutionally vague." Initially, Castillo argues that the sexually violent predator
statute is punitive. He contends the statute is punitive because a violation of the order is
a criminal offense, because prior convictions must be proven in order to commit someone
under the statute, and because a person civilly committed may be required to submit to a
tracking device. He also argues that the purpose of the statute cannot be attained because
his condition, pedophilia, is incurable. Arguments similar to those presented in the brief
have been addressed and rejected in Beasley v. Molett, 95 S.W.3d 590, 607-10 (Tex.
App.--Beaumont 2002, pet. denied); In re Commitment of Larkin,127 S.W.3d 930, 932
(Tex. App.--Beaumont 2004, no pet.); In re Commitment of Adams, 122 S.W.3d 451, 452
(Tex. App.--Beaumont 2003, no pet.); In re Commitment of Petersimes, 122 S.W.3d 370,
372 (Tex. App.--Beaumont 2003, pet. denied); In re Commitment of Almaguer, 117
S.W.3d 500, 502 (Tex. App.--Beaumont 2003, pet. denied); In re Commitment of Shaw
117 S.W.3d 520, 522-23 (Tex. App.--Beaumont 2003, pet. denied); In re Commitment of
Graham, 117 S.W.3d 514, 515 (Tex. App.--Beaumont 2003, pet. denied); and In re
Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex. App.--Beaumont 2002, pet.
denied). In accordance with precedent, we hold that Chapter 841, Texas Health and Safety
Code, is not a punitive statute. 

 Castillo contends that the requirements of Section 841.082(a) are unconstitutionally
vague. See Act of May 30, 1999, 76th Leg., R.S., ch. 1188 § 4.01, 1999 Tex. Gen. Laws
4122, 4147-48, amended by Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 24, 2003
Tex. Gen. Laws 1505, 1516-17 (current version at Tex. Health & Safety Code Ann.
§ 841.082(a) (Vernon Supp. 2004)). First, he complains that the trial court improperly
delegated the authority granted to the judge by subsection (a)(1) to determine the county
in which the appellant shall live. The order requires Castillo to live in Tarrant County (the
county to which he had been paroled), and states that he cannot change his residence
without prior authorization from the court. Thus, Castillo's argument regarding improper
delegation of court authority lacks merit. 

 Next, the appellant argues that the (a)(4) statutory requirement that he participate
in a specific course of treatment is unconstitutionally vague because the specific course of
treatment to be ordered is not set forth in the statute itself. He argues that the course of
his treatment cannot be delegated to an unknown case manager. This particular objection
is not contained in the appellant's motion for new trial, and the brief does not refer the
Court to where the objection might be found in the record. The complaint is not
preserved. Tex. R. App. P. 33.1. Likewise omitted from the record is the document titled
"Civil Commitment Requirements: Treatment and Supervision Contract." Although the
appellant challenges several of its provisions, and contends such a document was
incorporated by reference into the commitment order, the judgment does not incorporate
an attached exhibit. 

 Castillo also challenges the (a)(5) requirement that he be ordered to submit to a
tracking device and the (a)(9) provision that gives the trial court the authority to impose
additional requirements. We rejected these arguments in Petersimes, 122 S.W.3d at 372. 
Based on the precedent established by our previous decisions, we overrule issue one.

 Issue two contends that the appellant's Fifth Amendment privilege against self-incrimination was violated when he was compelled to give a deposition. On May 9, 2003,
the trial court entered an order granting the State leave to depose Castillo. The clerk's
record does not contain a motion to quash the deposition, and the appellant did not object
to its publication to the jury during the trial. Because the error asserted on appeal was not
presented to the trial court, the issue has not been preserved for appellate review. In re
Commitment of Browning, 113 S.W.3d 851, 862, n.10 (Tex. App.--Austin 2003, pet.
denied). Issue two is overruled. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on August 24, 2004

Opinion Delivered August 31, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.