(186 P.3d 201)
No. 97,273

In the Matter of the Care and Treatment of RICHARD A. MILLER, *Appellant.*

Opinion filed June 20, 2008.

*Alex McCauley*, of Jenab & McCauley, LLP, of Olathe, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Phill Kline*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before MARQUARDT, P.J., CAPLINGER and LEBEN, JJ.

MARQUARDT, J.: Richard A. Miller appeals a jury's verdict which found that he is a sexually violent predator subject to indefinite civil commitment. We affirm.

In 1980, Miller kidnapped a teenage girl from her home, kept her for 8 to10 hours, and committed several sexual acts with her. Miller was convicted of one count of aggravated sodomy. Miller was released on parole after serving approximately 11 years of his sentence. In 1992, his parole was revoked after he broke into a woman's house. He was initially charged with attempted rape, but was convicted of burglary.

In August 2005, the State filed a petition seeking to have Miller declared a sexually violent predator. A jury found that Miller was a sexually violent predator. Miller was committed to the Kansas Department of Social and Rehabilitation Services for care until his mental abnormality changed such that he was safe to live among the general public. Miller appeals.

Prior to trial, Miller filed a motion in limine seeking to exclude certain evidence and offering to stipulate to his prior conviction for

aggravated sodomy to keep the State from presenting evidence about the sodomy case. The district court denied the motion and ruled that the jury should have the opportunity to listen to the evidence and decide what was probative.

On appeal, Miller claims that stipulating to his prior offense would avoid undue prejudice from the "emotional and cumulative testimony" of the victim and other witnesses. Miller contends that the State was attempting to retry the case and gain sympathy from the jury.

When reviewing a district court's decision to admit evidence, on appeal, we first determine whether the evidence is relevant. Once relevance is established, an appellate court applies the evidentiary rules governing the admission and exclusion of evidence as a matter of law. When the issue involves the adequacy of the legal basis for the district court's decision, the issue is reviewed de novo. *State v. Gunby*, 282 Kan. 39, 47-48, 144 P.3d 647 (2006).

The Kansas Supreme Court previously ruled that in order to establish an individual is a sexually violent predator, the State is required to show convictions or charges relating to a sexually violent offense. Such evidence is clearly relevant to prove that the individual suffers from a mental condition that is likely to foster predatory acts of sexual violence in the future. *In re Care & Treatment of Hay*, 263 Kan. 822, 836-37, 953 P.2d 666 (1998). Kansas appellate courts have not directly addressed the issue of whether the respondent should be allowed to stipulate to prior convictions. That issue, however, has been addressed by the Texas appellate courts.

In *In re Commitment of Petersimes*, 122 S.W.3d 370 (Tex. App. 2003), the respondent stipulated to his prior convictions, but the State still presented evidence to the jury relating to those convictions. On appeal, the respondent argued that such evidence was not relevant and was unfairly prejudicial, as it allowed the jury to improperly focus on character evidence. The appellate court disagreed. In so doing, the court noted that the prior convictions were not merely jurisdictional. Rather, the evidence of prior convictions was offered "to prove he would act in a sexually violent manner in

the future." 122 S.W.3d at 373. Therefore, the court refused to offer relief on the issue.

A similar issue was raised in *In re Commitment of Adams*, 122 S.W.3d 451 (Tex. App. 2003). In that case, the respondent argued that the district court erred by admitting penitentiary records even though the respondent stipulated to his prior crimes. The court disagreed, holding that the records made "a fact in controversy more probable" and were thus relevant. 122 S.W.3d at 453.

We agree with the reasoning of the Texas court. Miller relies on *Old Chief v. United States*, 519 U.S. 172, 136 L. Ed. 2d 574, 117 S. Ct. 644 (1997), for support. *Old Chief* is a criminal case and is not directly relevant to this civil proceeding. In addition to proving the threshold conviction necessary to trigger the provisions of K.S.A. 2007 Supp. 59-29a04, the State must also prove that the individual has a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence. See K.S.A. 2007 Supp. 59-29a02(a). The testimony concerning Miller's aggravated sodomy conviction assisted the jury in making that determination.

In addition, we note that the officer who testified about the aggravated criminal sodomy incident in 1981 offered a very brief testimony. Also, the victim did not go into detail about the sexual offenses. Given these facts, we do not find the testimony of law enforcement, or the victim, to be prejudicial to the extent that Miller's rights were compromised. In a trial to determine whether an individual is a sexually violent predator, evidence about prior sexual offenses is admissible, notwithstanding an offer by the respondent to stipulate to the offenses.

At trial, the State presented testimony from Dr. Ryan Donahue, a postdoctoral psychology resident at Larned State Hospital. Dr. Donahue evaluated Miller as part of the State's case in this proceeding and testified about all of Miller's criminal history involving sex crimes. His testimony included a 1976 incident in which Miller was charged with indecent liberties with a child, a 1980 conviction for aggravated sodomy, and the incident where Miller was initially charged with attempted rape but was convicted of burglary.

Dr. Donahue also testified about Miller's criminal history that did not involve sex crimes. His history included stealing a car while a juvenile, Miller's conviction for second-degree murder in California, a 1975 burglary, and 17 additional criminal "charges or convictions" for matters ranging from vagrancy to resisting arrest to burglary.

Miller objected to the State's introduction of the 1992 complaint, claiming there was no evidence that the crime was sexually motivated. Miller argued it would be highly prejudicial to introduce the complaint alleging attempted rape since he was convicted of burglary, and it was later determined there was no probable cause to assume that he intended to rape the victim. The district court allowed evidence that the victim was bathing at the time of the crime, which could lead the jury to infer that there was a sexual component to the crime. At Miller's request, the district court also admitted a letter from the public defender's office which indicated the lack of probable cause for the attempted rape charge.

On appeal, Miller argues that the State's introduction of the original complaint alleging attempted rape, rather than the journal entry of conviction, was an attempt to influence the jury to believe that the crime was sexually motivated. Miller also contends that all of Dr. Donahue's testimony was irrelevant, as it showed only that Miller was likely to commit crimes in general. Miller does not believe that the testimony regarding his nonsexual crimes was relevant to the question of whether he was likely to engage in repeated acts of sexual violence. Miller also argues that the mention of the murder conviction was particularly prejudicial.

The Kansas Supreme Court has already determined that uncharged prior conduct is material and admissible in a trial to determine if an individual is a sexually violent predator. See *Hay*, 263 Kan. at 838. In considering the admission of the original complaint in the 1992 burglary conviction, we found *Abolafya v. State*, 114 Wash. App. 137, 56 P.3d 608 (2002), to be instructive. In that case, the State attempted to have the respondent declared a sexually violent predator based on a conviction for residential burglary. The burglary conviction was based on a negotiated plea and showed a sexual component to the crime. The Washington court ruled that

the State should be allowed to prove a sexual motivation to a crime which is not, on its face, a conviction for a sexual offense. 114 Wash. App. at 144-45.

We believe the district court properly admitted the original complaint which showed an attempted rape charge. The facts presented to the jury showed that the victim was taking a bath and was unclothed when she encountered Miller in her home. There were windows through which an intruder could look into the bathroom. The victim was terrified and feared for her personal safety. Under such circumstances, we believe the original complaint was relevant and admissible and find that the district court did not err by admitting the document. In so ruling, we are mindful that the jury also viewed the letter from the public defender, which showed that Miller was never convicted of a sex crime related to this incident.

We turn now to the crimes about which Dr. Donahue testified. K.S.A. 2007 Supp. 59-29a02(a) decrees that a person is a sexually violent predator if he or she has been convicted of or charged with a sexually violent offense and suffers from a mental abnormality or a personality disorder which makes the person likely to engage in repeat acts of sexual violence. Both of the experts who testified at trial diagnosed Miller with antisocial personality disorder. Dr. Donahue clarified that persons with antisocial personality disorder frequently engage in behavior which violates the rights of other people, and for which they show a lack of remorse. Miller's expert, Dr. William Logan, explained to the jury that persons with antisocial personality disorder fail to abide by the laws and rules of society.

The testimony regarding Miller's prior criminal history was relevant to prove his antisocial personality disorder. That made it admissible in support of Dr. Donahue's diagnosis of antisocial personality disorder. See *In re Care and Treatment of Colt*, 39 Kan. App. 2d 643, Syl. ¶ 5, 183 P.3d 4 (2008). Moreover, we do not believe the testimony was overwhelmingly prejudicial. In so deciding, we are mindful that the testimony by Dr. Donahue was brief, and many of the prior convictions were only given a passing mention. In addition, both Dr. Donahue and Miller testified about the murder conviction and clarified for the jury that Miller did not play

an active role in the crime. Therefore, we do not believe the evidence was unduly prejudicial. The district court did not err by allowing the evidence of Miller's criminal history to be introduced to the jury.

Miller contends that none of the diagnoses given to him render him likely to engage in acts of sexual violence. Miller claims that the Kansas Sexually Violent Predator Act (Act) requires there to be a "sexual disorder diagnosis" and that the State is trying to broaden the intent of the Act. Miller maintains that his diagnosis of antisocial personality disorder does nothing more than make him likely to be a general criminal recidivist.

To the extent that resolution of this issue requires us to determine the meaning of a statute, our standard of review is plenary. See *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007). It appears that Miller is also challenging the sufficiency of the evidence that was presented to the jury. When a verdict is challenged for insufficiency of evidence or as being contrary to the evidence, it is not the function of the appellate court to reweigh evidence or pass on the credibility of the witnesses. If the evidence, with all reasonable inferences to be drawn therefrom, when considered in the light most favorable to the prevailing party, supports the verdict, it will not be disturbed on appeal. *Ives v. McGannon*, 37 Kan. App. 2d 108, 124-25, 149 P.3d 880 (2007).

K.S.A. 2007 Supp. 59-29a02(b) defines "mental abnormality" as

"a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others."

In addition to the antisocial personality disorder diagnosis, both Dr. Donahue and Dr. Logan diagnosed Miller as suffering from various substance abuse problems. Dr. Donahue believed the substance abuse problems were significant, because Miller's criminal history shows that drinking has been at the root of "numerous incarcerations." Dr. Donahue also noted that Miller's antisocial personality disorder has manifested itself through sexual offenses, which is not typical for the diagnosis. Further, Dr. Donahue be-

lieved the "disinhibit[ing]" effect of the alcohol combined with the impulse control issues make Miller dangerous.

Dr. Donahue did not believe there was a common diagnosis to cover all of Miller's issues. For these reasons, Dr. Donahue believed that Miller met the statutory definition of a sexually violent predator.

Dr. Logan believed that there were several diagnoses that were much more specific for individuals who sexually offend against other adults. While he admitted that Miller's alcohol use and criminal behavior seemed to coalesce, Dr. Logan did not believe Miller's antisocial personality disorder rendered him more likely to commit a sexual offense. Dr. Logan believed that it was inappropriate to designate Miller as a sexually violent predator when he had no history of deviant sexual arousal and no diagnosis of a sexual disorder. Dr. Logan did not believe "the evidence was there" to support the idea that Miller's impulse control was so poor that Miller was at risk of reoffending.

Dr. Donahue's testimony, if believed by the jury, forms a sufficient basis to find that Miller is a sexually violent predator. We disagree with Miller's suggestion that the threshold diagnosis must have a sexual component. The focus on sexual behavior comes later, and we read the statute to allow a diagnosis that renders an individual more likely to commit crimes of sexual violence. Dr. Donahue testified that Miller's diagnoses are marked by poor judgment and poor impulse control, combined with a history of one or more criminal charges or convictions related to inappropriate sexual behavior. For these reasons, we believe there was legally sufficient evidence to adjudicate Miller as a sexually violent predator.

Affirmed.