In re the COMMITMENT OF Jose MORALES.

No. 09–01–535 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Jan. 7, 2003.

Opinion Delivered Jan. 23, 2003.

Kenneth Balusek, State Counsel for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Civil Division, Huntsville, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

The State of Texas filed a petition to civilly commit Jose Morales as a sexually violent predator under the Sexually Violent Predator Act ("Act"). *See* Tex. Health & Safety Code Ann. §§ 841.001–841.147 (Vernon Supp.2003). A jury found Morales to be a repeat sexually violent

predator who suffers from a behavior abnormality making him likely to engage in a predatory act of sexual violence. The trial court entered a final judgment and order of civil commitment under the Act. *Id.*

Bringing five issues, Morales appeals. In issues one, two, three, and four, Morales challenges the constitutionality of the Act on various grounds and in issue five, he contends jury misconduct occurred during his trial.

In issue one, Morales maintains the Act is unconstitutional because it is punitive and violates basic constitutional safeguards applicable to criminal proceedings. However, we recently have considered and rejected this argument. *See Beasley v. Molett,* 95 S.W.3d 590, 607–08 (Tex.App.-Beaumont 2002, no pet. h.)(citing *Kansas v. Hendricks,* 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997)); *see In re Mullens,* 92 S.W.3d 881, 883 (Tex.App.-Beaumont 2002, no pet.h.). Issue one is overruled.

In issue two, Morales complains the state did not satisfy due process requirements by failing to prove that he has a serious difficulty in controlling his behavior. Morales does not contend he preserved this issue pursuant to Rule 33.1. *See* Tex.R.App. P. 33.1. Instead, relying on *Kansas v. Crane,* 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002) and *Birdsong v. State,* 82 S.W.3d 538 (Tex.App.-Austin 2002, no pet.), Morales maintains that it may be asserted for the first time on appeal.

In *Crane,* the Supreme Court declared that due process requires "proof of serious difficulty in controlling behavior" before a person can be civilly committed as a sexually violent predator. *Crane,* 534

U.S. at 413, 122 S.Ct. 867. The proof of "inability to control behavior" must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects the person to civil commitment from the dangerous but typical recidivist convicted in a criminal case. *Id.*

In *Birdsong,* the Austin Court of Appeals explained that Rule 33.1's error preservation requirement does not apply to two categories of rights: (1) "absolute rights," which cannot be waived or forfeited and which include such issues as jurisdiction and due process, and (2) "waivable rights," which may only be surrendered by affirmative, plain, free, and intelligent waiver. 82 S.W.3d at 542.[1] (The issue in *Birdsong* was whether the appellant's punishment-hearing testimony was given knowingly, voluntarily, and intelligently, and the court concluded that it was. *Birdsong,* 82 S.W.3d at 543–44.)

Assuming without deciding, that *Birdsong* and *Crane* allow Morales to raise his issue two argument, we disagree that the state failed to prove he has a serious difficulty in controlling his behavior.

Dr. Billy Burleson, a clinical psychologist, testified about the correlation between excessive drug use and lack of impulse control. Burleson stated that Morales's record showed he was "heavily into drugs," which was significant because such behavior shows a lack of responsibility for social norms. Further, Burleson testified that a connection existed between drug abuse and lack of impulse control in regard to sex offenders; drug usage lowers one's inhibitions and, thus, leads to lack of self-control. Burleson also stated that one who con-

---

1. However, Rule 33.1 does apply to a third category of rights—"forfeitable rights," which a defendant must request and which include most procedural and evidentiary issues and many constitutional rights. *See Birdsong,* 82 S.W.3d at 542.

sumes drugs has less ability to conform to what society expects, and that he saw evidence of that in Morales's records. Burleson further found Morales's criminal record significant in that he had two sexual offenses, the second occurring while he was on probation for the first; both offenses involved force. Burleson concluded that Morales did not have any regard for the safety of his victims. In Burleson's opinion, Morales was likely to commit another offense if not closely supervised.

Bo Bertling, a licensed professional counselor who performs evaluations in the Sex Offender Treatment Program, testified regarding Morales's likelihood to reoffend. According to Bertling, Morales's scores on the "Static 99," a psychological test, showed he is in the "high-level-risk-to-reoffend" category. On another test, the Minnesota Sex Offender Screening Tool–Revised ("MSOST–R"), Bertling testified Morales's scores indicated that he had an eighty-eight percent chance of reoffending.

■ The Act requires the State to prove beyond a reasonable doubt that a person is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.062 (Vernon Supp.2003). Because the statute places upon the State the burden of proof employed in criminal law, we previously had adopted the appellate standard of review in criminal cases for legal sufficiency of the evidence. *See In re Mullens,* 92 S.W.3d at 885 (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In a legal sufficiency review, this court reviews all of the evidence in a light most favorable to the verdict. *Id.* Here, we determine if a rational factfinder could have found, beyond a reasonable doubt, that Morales has serious difficulty in controlling his behavior.

■ The jury is allowed to draw reasonable inferences from basic facts to ultimate facts. *See Clark v. State,* 47 S.W.3d 211, 214 n. 3 (Tex.App.-Beaumont 2001, no pet.). Morales committed a second sexual offense while on probation for the first, thus demonstrating his lack of control. The State also established a correlation between drug use and impulsivity, and presented evidence of Morales's heavy drug use. Viewing the evidence in the light most favorable to the verdict, we find that a rational jury could have found beyond a reasonable doubt that Morales has serious difficulty controlling his behavior. Issue two is overruled.

■ In issue three, Morales argues that certain portions of the statute and the final judgment and order of commitment entered thereunder are unconstitutionally vague. Morales complains specifically of section 841.082(a), subsections (1),(4),(5) and (9) of the Act. TEX. HEALTH & SAFETY CODE ANN. § 841.082(a)(1),(4),(5),(9) (Vernon Supp.2003). Again, we recently have considered and rejected this argument. *See Beasley,* 95 S.W.3d at 608–09, 609–10; *see Mullens,* 92 S.W.3d at 887–88.[2] Issue three is overruled.

■ In issue four, Morales maintains his fifth amendment privilege against self-incrimination was violated when the court ordered appellant to submit to polygraph examinations as a condition of civil commitment. However, Morales failed to preserve this constitutional complaint for ap-

---

2. In both *Beasley* and *Mullens,* I dissented, noting that I would find section 841.082(a)(9) to be void for vagueness. *See Beasley,* 95 S.W.3d at 615–16; *see Mullens,* 92 S.W.3d at 888. In ordering outpatient civil commitment, the trial judge, under subsection (9), may impose "any other requirements determined necessary by the judge." *See* TEX. HEALTH & SAFETY CODE ANN. § 841.082(a)(9) (Vernon Supp.2003).

pellate review as required by Rule 33.1. *See* Tex.R.App. P. 33.1. "As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal." *Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex.1993). As Morales did not assert this claim before the trial court, we need not consider it. Issue four is overruled.

■ In issue five, Morales contends jury misconduct occurred when a juror slept during the testimony of Morales's only expert witness, Dr. Windel Dickerson, who testified that Morales did not have a behavioral abnormality. This issue was the sole contention in Morales's motion for new trial. At the hearing, defense counsel's legal assistant was the only witness. On direct examination, she testified that a juror slept for approximately thirty five minutes during Dickerson's testimony. On cross examination, however, the witness conceded that it was possible the juror had been listening but just had her eyes closed, and the witness also conceded she did not know whether the juror had been asleep or was just resting her eyes. The witness agreed that only the juror knew whether the misconduct actually occurred.

■ Morales had the burden to establish conclusively that jury misconduct occurred. *See Golden Eagle Archery, Inc. v. Jackson,* 24 S.W.3d 362, 372 (Tex.2000). Whether jury misconduct has occurred is a question of fact for the trial court. *Pharo v. Chambers County, Tex.,* 922 S.W.2d 945, 948 (Tex.1996). Where there is conflicting evidence on this issue, we uphold the trial court's finding. *Id.* Here, Morales did not conclusively establish that jury misconduct occurred. Issue five is overruled.

The judgment and order of the trial court are AFFIRMED.