## In re COMMITMENT OF Cameron Elza GRAHAM.

### No. 09–02–362 CV.

Court of Appeals of Texas, Beaumont.

Sept. 25, 2003.

Ken Balusek, State Counsel of Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit-Civil Division, Huntsville, for appellee.

Before McKEITHEN, C.J., DON BURGESS and GAULTNEY, JJ.

### OPINION

DON BURGESS, Justice.

The State of Texas filed a petition to commit Cameron Elza Graham under the Civil Commitment of Sexually Violent Predators Act ("Act"). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.147 (Vernon 2003). A jury found Graham was a repeat sexually violent predator ("SVP") who suffers from a behavior abnormality making him likely to engage in a predatory act of sexual violence. The trial court entered a final judgment and order of civil commitment under the Act, from which Graham appeals, bringing three issues. *See id.*

 As conceded by Graham, we previously have decided two of his issues—one and three—adversely to him. *See In re Commitment of Morales,* 98 S.W.3d 288, 291 (Tex.App.-Beaumont 2003, pet. filed); *Beasley v. Molett,* 95 S.W.3d 590, 607–10 (Tex.App.-Beaumont 2002, pet. filed); *In*

*re Commitment of Mullens,* 92 S.W.3d 881, 883–84, 887–88 (Tex.App.-Beaumont 2002, pet. filed). In issue one, Graham asserts the Act is unconstitutional because it is punitive and violates basic constitutional safeguards. Graham argues that the requirement of a tracking device in section 841.082(5) serves both a punitive and deterrent function. Citing a Court of Criminal Appeals case that holds electronic monitoring is an unreasonable condition of deferred adjudication probation, Graham argues that if electronic monitoring is too harsh a punishment for a probationer who has not been convicted of a crime, then it is even more punitive for someone who is civilly committed. *See Ex parte Gingell,* 842 S.W.2d 284, 285 (Tex.Crim. App.1992). But, as the United States Supreme Court has noted, restraints, such as inpatient confinement, in involuntary civil commitments have historically been treated as civil, not punitive. *Kansas v. Hendricks,* 521 U.S. 346, 363, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). The "State may take measures to restrict the freedom of the dangerously mentally ill. This is a legitimate nonpunitive governmental objective and has been historically so regarded." *Hendricks,* 521 U.S. at 363, 117 S.Ct. 2072. Here, the person civilly committed is not confined but rather is treated on an outpatient basis and monitored by a tracking device, a less restrictive restraint than that approved in *Hendricks.* *See* §§ 841.002(10), 841.082(a)(5). Graham's other arguments under issue one are overruled based on our previous decisions. *See Beasley,* 95 S.W.3d at 607–10; *Mullens,* 92 S.W.3d at 883–84, 887–88; *Morales,* 98 S.W.3d at 291. Issue one is overruled.

In issue three, Graham argues the Act is unconstitutionally vague and violates the separation of powers doctrine. Complaining specifically of section 841.082(a), sub-sections (4), (5), and (9) of the Act, Graham maintains subsections (4) and (5) are unconstitutionally vague, and subsection (9) is not only vague but also violates the separation of powers doctrine. TEX. HEALTH & SAFETY CODE ANN. § 841.082(a)(4),(5),(9) (Vernon 2003). Based on our previous decisions, we overrule issue three. *See Beasley,* 95 S.W.3d at 607–10; *Mullens,* 92 S.W.3d at 883–84, 887–88; *Morales,* 98 S.W.3d at 291.

In issue two, Graham complains his due process rights were violated when the trial court refused to submit his volitional control issue to the jury. Relying on *Kansas v. Crane,* 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), Graham maintains due process requires "proof of serious difficulty in controlling behavior" before a person may be committed civilly as a sexually violent predator. However, in a recently decided case, we found no separate instruction was required under *Crane* and, thus, rejected Graham's argument. *See In re Commitment of Almaguer,* 117 S.W.3d 500, 502, (Tex.App.-Beaumont 2003, no pet. h.).[1] Issue two is overruled.

Appellant's issues are overruled. The judgment and order of the trial court are affirmed.

AFFIRMED.

---

**1.** I dissented in *Almaguer* on this issue. *See* *Almaguer,* slip op. at 507.