In re the COMMITMENT OF Curtis L. ADAMS.

No. 09–03–003 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 25, 2003.

Decided Dec. 11, 2003.

Kenneth W. Balusek, State Counsel for Offenders, Huntsville, for appellant.

Autumn Lewis, Special Prosecution Unit, Civil Division, Huntsville, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

The State of Texas filed a petition to commit Curtis L. Adams as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.147 (Vernon 2003). A jury found Adams suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence. The trial court entered a final judgment and order of civil commitment. Adams raises five issues on appeal. He does not challenge the sufficiency of the evidence to support the jury's finding.

Adams presents constitutional challenges in his first three issues. Adams first issue contends that Chapter 841 of the Texas Health and Safety Code is unconstitutionally punitive in nature. He relies upon the factors set forth in *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). We have repeatedly rejected similar arguments in other Chapter 841 commitment cases. *See Beasley v. Molett,* 95 S.W.3d 590, 607–10 (Tex.App.-Beaumont 2002, pet. filed); *see also In re Commitment of Almaguer,* 117 S.W.3d 500, 502 (Tex.App.-Beaumont 2003, no pet. h.); *In re Commitment of Graham,* 117 S.W.3d 514, 514–15 (Tex.App.-Beaumont 2003, no pet. h.); *In re Commitment of Shaw,* 117 S.W.3d 520, 522–24 (Tex.App.-Beaumont 2003, no pet. h.); *In re Commitment of Mullens,* 92 S.W.3d 881, 883–84 (Tex.App.-Beaumont 2002, pet. filed). The precise arguments and authorities in Adams's brief were presented in *Graham.* Furthermore, Adams does not identify any particular circumstances appearing in the record that would support an argument that Chapter 841 operates unconstitutionally as applied to him notwithstanding its general constitutionality. Because we find the statute in question to be facially constitutional, in accordance with our precedents, issue one is overruled.

Adams's second issue claims that due process was violated when the trial court refused to submit the issue of volitional control to the jury. A divided Court recently decided this issue adversely to Adams. *Almaguer,* 117 S.W.3d at 502–506; *Graham,* 117 S.W.3d at 515; *Shaw,* 117 S.W.3d at 524–25. In all three cases, we held that the definitions provided by the trial court adequately presented the issue to the jury and thus satisfied due process. *Almaguer,* 117 S.W.3d at 505; *Graham,* 117 S.W.3d at 515; *Shaw,* 117 S.W.3d at 524. Because a separate instruction on volitional control is not required

under *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), issue two is overruled.

The third constitutional challenge urges that Chapter 841, Texas Health and Safety Code, is unconstitutionally vague and violates the separation of powers doctrine. The identical arguments and authorities raised in Adams's brief were raised in *Almaguer, Graham,* and *Shaw.* Those cases, in turn, continued the precedent set in earlier cases from this Court. *See Beasley*, 95 S.W.3d at 607–10; *see also In re Commitment of Morales*, 98 S.W.3d 288, 291 (Tex.App.-Beaumont 2003, pet. filed); *Mullens*, 92 S.W.3d at 883–84, 887–88. Based on our previous decisions, we overrule issue three.

■ The remaining issues address the admission of Adams's penitentiary records, or "pen packets." In issue four, Adams complains that the trial court erred in admitting evidence of his two prior convictions for sexual offenses when appellant stipulated to them. The State accepted Adams's offer to stipulate to the two prior convictions for sexual offenses required to establish Adams's status as a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)(1),(b) (Vernon 2003).[1] The State then offered, and the trial court admitted, Adams's prison records.[2] Adams objected to the exhibits as a whole and to particular non-sexual offenses documented within the exhibits on grounds of lack of relevance and unfair prejudice. *See* TEX.R. EVID. 401–03.

By judicially admitting to having two prior convictions for sexual assault, Adams relieved the State of the burden of submitting evidence to prove that Adams is a repeat sexually violent predator. However, the State offered the penitentiary packets for the purpose of satisfying the other element of Section 841.003; namely, that Adams suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)(2) (Vernon 2003). A stipulation to the fact of the previous convictions did not remove that issue from controversy. On appeal Adams argues that "Focusing on past convictions does not make the existence of a current behavioral abnormality more or less probable." Evidence in the record refutes that argument. Two health care professionals testified in the State's case in chief. The psychologist testified that, in the context of antisocial personality disorder, previous behavior is always considered to be the best predictor of future behavior. The convictions described in the penitentiary packets provided the basis for the experts' diagnoses of Adams's antisocial personality disorder and, according to the psychiatrist, sexual sadism. According to the psychologist, antisocial personality disorder is longstanding and chronic. Adams is not a pedophile but the impulsiveness marking his mental disorder makes Adams likely to recidivate by committing a sexual offense based upon the circumstances, opportunities, and his emotional state at the time. We hold that the penitentiary packets made a fact in controversy more probable or less probable, and thus were relevant.

Next, Adams argues that the exhibits in question were unfairly prejudicial because

---

1. No written stipulation appears in the record. As this is a civil case, the stipulation should have been reduced to writing and filed with the record in the manner provided by the Rules of Civil Procedure. *See* TEX.R. CIV. P. 11; TEX.R. EVID. 201.

2. The records included Adams's prison disciplinary history and a record of his previous convictions. They were submitted in three exhibits. Issue four concerns Exhibit No. 4, and issue five addresses Exhibit Nos. 5 and 6.

they focused the jury on the prior convictions or on Adams's bad character. He argues that his situation is analogous to criminal cases in which the defendant stipulates to the prior convictions that satisfy the jurisdictional requirement for felony driving while intoxicated or permit a defendant to be prosecuted as a felon in possession of a firearm. *See Tamez v. State,* 11 S.W.3d 198, 202 (Tex.Crim.App. 2000) (citing *Old Chief v. United States,* 519 U.S. 172, 192, 117 S.Ct. 644, 655–56, 136 L.Ed.2d 574 (1997)).[3] In *Tamez,* the State introduced evidence of six prior convictions for driving while intoxicated that were relevant only to establish the two prior convictions required for felony jurisdiction. *Id.* By refusing to permit the stipulation, the trial court in *Tamez* allowed evidence to reach the jury that was substantially more prejudicial than probative. *Id. Tamez* is inapposite because Adams's prior convictions are not being offered for jurisdictional purposes only. Here, the State offered evidence of Adams's prior convictions to prove that he would act in a sexually violent manner in the future. Therefore, the penitentiary packets were not unfairly prejudicial. Issue four is overruled.

■ Issue five contends the evidence regarding Adams's prison disciplinary record was not relevant, was highly prejudicial, and should have been excluded. As with issue four, Adams relies entirely upon *Tamez* and Rule 401 through 403 of the Texas Rules of Evidence. On appeal, we consider only those objections that were raised and ruled upon during the trial. TEX.R. Evid. 103(a)(1); Tex. R.APP. P. 33.1(a). At trial, Adams raised a relevancy objection to the two exhibits that contained the disciplinary records. On appeal, he argues that past violation of disciplinary rules do not have a tendency to prove that he will commit future sexual criminal acts. He also argues that the records do not prove that he currently has a behavioral abnormality.

Before the State offered the records, the State's forensic psychiatrist testified that she reviewed the disciplinary reports before evaluating Adams for commitment. According to the psychiatrist, past behavior is a good indicator of future behavior. The disciplinary reports contained in the records formed part of the basis for her diagnosis because the reports revealed that Adams has difficulty controlling his urges. Adams had been institutionalized for most of his adolescent and adult years. The records reflect the instances in which his behavior attracted negative attention during his incarceration. Although all but four of over one hundred incidents are non-sexual in nature, the witness testified that Adams's history of repeated assaults on officers despite being placed in administrative segregation demonstrated an inability to control his aggressive behavior. The appellant's prison disciplinary records were probative of a fact in consequence, that is, whether Adams has a behavioral abnormality making him likely to engage in a predatory act of sexual violence. Issue five is overruled.

Appellant's issues are overruled. The judgment and order of the trial court are affirmed.

AFFIRMED.

DON BURGESS, Justice, filed a dissenting opinion.

---

**3.** A better analogy in criminal jurisprudence might be found in future dangerousness determinations in capital prosecutions. In civil litigation, similar considerations are involved in best interest determinations in suits for termination of parental rights. We will confine our analysis to the arguments raised in the briefs.

DON BURGESS, Justice, dissenting.

I respectfully dissent to the resolution of issue five in which the majority finds no trial court error in the admission into evidence of Adams' prison disciplinary records. Adams argues the documents were not relevant. I agree.

The majority says the records are "probative of a fact in consequence, that is, whether Adams has a behavioral abnormality making him likely to engage in a predatory act of sexual violence." However, the majority concedes that only four of the over one hundred incidents were sexual in nature. And, overlooked entirely by the majority is the remoteness of all of these incidents.

When determining whether to admit evidence of extraneous acts in criminal cases, we consider the remoteness of the act as a factor. *James v. State*, 554 S.W.2d 680, 683 (Tex.Crim.App.1977); *Reyes v. State*, 69 S.W.3d 725, 740 (Tex.App.-Corpus Christi 2002, pet. ref'd). I believe remoteness should be a factor here. My review of Adams's disciplinary records, most of which concerned minor rule infractions, show that over fifty percent of them occurred before 1992, or ten years prior to his trial. Significantly, there are *no* reports after 1998. So, for the four years immediately prior to trial, Adams apparently was controlling his behavior in accordance with prison regulations.

The nature of the vast majority of the incidents coupled with their remoteness undermines their relevance. Admission of such records increases the likelihood that the jury will focus improperly on the incidents or defendant's "bad character." *See Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim.App.2000). I would find the trial court erred in admitting the disciplinary records into evidence and reverse and remand for a new trial.