In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-003 CV


____________________



IN RE THE COMMITMENT OF CURTIS L. ADAMS







On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 01-10-06658-CV






OPINION


 The State of Texas filed a petition to commit Curtis L. Adams as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.147 (Vernon 2003). A
jury found Adams suffers from a behavioral abnormality making him likely to engage in
a predatory act of sexual violence. The trial court entered a final judgment and order of
civil commitment. Adams raises five issues on appeal. He does not challenge the
sufficiency of the evidence to support the jury's finding. 

 Adams presents constitutional challenges in his first three issues. Adams first issue 
contends that Chapter 841 of the Texas Health and Safety Code is unconstitutionally
punitive in nature. He relies upon the factors set forth in Kennedy v. Mendoza-Martinez,
372 U.S. 144, 168-69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). We have repeatedly rejected
similar arguments in other Chapter 841 commitment cases. See Beasley v. Molett, 95
S.W.3d 590, 607-10 (Tex. App.--Beaumont 2002, pet. filed); see also In re Commitment
of Almaguer, No. 09-02-00172 CV, slip op. at 2, 2003 WL 22213379 (Tex. App.--Beaumont Sept. 25, 2003, no pet. h.); In re Commitment of Graham, No. 09-02-00362
CV, slip op. at 2-3, 2003 WL 22213450 (Tex. App.--Beaumont Sept. 25, 2003, no pet.
h.); In re Commitment of Shaw, No. 09-02-00530 CV, slip op. at 2-5, 2003 WL 22213499
(Tex. App.--Beaumont Sept. 25, 2003, no pet. h.); In re Commitment of Mullens, 92
S.W.3d 881, 883-84 (Tex. App.--Beaumont 2002, pet. filed). The precise arguments and
authorities in Adams's brief were presented in Graham. Furthermore, Adams does not
identify any particular circumstances appearing in the record that would support an
argument that Chapter 841 operates unconstitutionally as applied to him notwithstanding
its general constitutionality. Because we find the statute in question to be facially
constitutional, in accordance with our precedents, issue one is overruled.

 Adams's second issue claims that due process was violated when the trial court
refused to submit the issue of volitional control to the jury. A divided Court recently
decided this issue adversely to Adams. Almaguer, slip op. at 2-12; Graham, slip op. at
3-4; Shaw, slip op. at 6-8. In all three cases, we held that the definitions provided by the
trial court adequately presented the issue to the jury and thus satisfied due process. 
Almaguer, slip op. at 10; Graham, slip op. at 3; Shaw, slip op. at 7. Because a separate
instruction on volitional control is not required under Kansas v. Crane, 534 U.S. 407, 122
S.Ct. 867, 151 L.Ed.2d 856 (2002), issue two is overruled. 

 The third constitutional challenge urges that Chapter 841, Texas Health and Safety
Code, is unconstitutionally vague and violates the separation of powers doctrine. The
identical arguments and authorities raised in Adams's brief were raised in Almaguer,
Graham, and Shaw. Those cases, in turn, continued the precedent set in earlier cases from
this Court. See Beasley, 95 S.W.3d at 607-10; see also In re Commitment of Morales, 98
S.W.3d 288, 291 (Tex. App.--Beaumont 2003, pet. filed); Mullens, 92 S.W.3d at 883-84,
887-88. Based on our previous decisions, we overrule issue three.

 The remaining issues address the admission of Adams's penitentiary records, or
"pen packets." In issue four, Adams complains that the trial court erred in admitting
evidence of his two prior convictions for sexual offenses when appellant stipulated to them.
The State accepted Adams's offer to stipulate to the two prior convictions for sexual
offenses required to establish Adams's status as a sexually violent predator. See Tex.
Health & Safety Code Ann. § 841.003 (a)(1),(b) (Vernon 2003). (1) The State then
offered, and the trial court admitted, Adams's prison records. (2) Adams objected to the
exhibits as a whole and to particular non-sexual offenses documented within the exhibits
on grounds of lack of relevance and unfair prejudice. See Tex. R. Evid. 401-03. 

 By judicially admitting to having two prior convictions for sexual assault, Adams
relieved the State of the burden of submitting evidence to prove that Adams is a repeat
sexually violent predator. However, the State offered the penitentiary packets for the
purpose of satisfying the other element of Section 841.003; namely, that Adams suffers
from a behavioral abnormality that makes the person likely to engage in a predatory act
of sexual violence. See Tex. Health & Safety Code Ann. § 841.003 (a)(2) (Vernon
2003). A stipulation to the fact of the previous convictions did not remove that issue from
controversy. On appeal Adams argues that "Focusing on past convictions does not make
the existence of a current behavioral abnormality more or less probable." Evidence in the
record refutes that argument. Two health care professionals testified in the State's case
in chief. The psychologist testified that, in the context of antisocial personality disorder,
previous behavior is always considered to be the best predictor of future behavior. The
convictions described in the penitentiary packets provided the basis for the experts'
diagnoses of Adams's antisocial personality disorder and, according to the psychiatrist,
sexual sadism. According to the psychologist, antisocial personality disorder is long-standing and chronic. Adams is not a pedophile but the impulsiveness marking his mental
disorder makes Adams likely to recidivate by committing a sexual offense based upon the
circumstances, opportunities, and his emotional state at the time. We hold that the
penitentiary packets made a fact in controversy more probable or less probable, and thus
were relevant. 

 Next, Adams argues that the exhibits in question were unfairly prejudicial because
they focused the jury on the prior convictions or on Adams's bad character. He argues
that his situation is analogous to criminal cases in which the defendant stipulates to the
prior convictions that satisfy the jurisdictional requirement for felony driving while
intoxicated or permit a defendant to be prosecuted as a felon in possession of a firearm. 
See Tamez v. State, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000) (citing Old Chief v.
United States, 519 U.S. 172, 192, 117 S.Ct. 644, 655-56, 136 L.Ed.2d 574 (1997)). (3) In
Tamez, the State introduced evidence of six prior convictions for driving while intoxicated
that were relevant only to establish the two prior convictions required for felony
jurisdiction. Id. By refusing to permit the stipulation, the trial court in Tamez allowed
evidence to reach the jury that was substantially more prejudicial than probative. Id. 
Tamez is inapposite because Adams's prior convictions are not being offered for
jurisdictional purposes only. Here, the State offered evidence of Adams's prior
convictions to prove that he would act in a sexually violent manner in the future. 
Therefore, the penitentiary packets were not unfairly prejudicial. Issue four is overruled.

 Issue five contends the evidence regarding Adams's prison disciplinary record was
not relevant, was highly prejudicial, and should have been excluded. As with issue four,
Adams relies entirely upon Tamez and Rule 401 through 403 of the Texas Rules of
Evidence. On appeal, we consider only those objections that were raised and ruled upon
during the trial. Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a). At trial, Adams raised
a relevancy objection to the two exhibits that contained the disciplinary records. On
appeal, he argues that past violation of disciplinary rules do not have a tendency to prove
that he will commit future sexual criminal acts. He also argues that the records do not
prove that he currently has a behavioral abnormality. 

 Before the State offered the records, the State's forensic psychiatrist testified that
she reviewed the disciplinary reports before evaluating Adams for commitment. 
According to the psychiatrist, past behavior is a good indicator of future behavior. The
disciplinary reports contained in the records formed part of the basis for her diagnosis
because the reports revealed that Adams has difficulty controlling his urges. Adams had
been institutionalized for most of his adolescent and adult years. The records reflect the
instances in which his behavior attracted negative attention during his incarceration.
Although all but four of over one hundred incidents are non-sexual in nature, the witness
testified that Adams's history of repeated assaults on officers despite being placed in
administrative segregation demonstrated an inability to control his aggressive behavior. 
The appellant's prison disciplinary records were probative of a fact in consequence, that
is, whether Adams has a behavioral abnormality making him likely to engage in a
predatory act of sexual violence. Issue five is overruled. 

 Appellant's issues are overruled. The judgment and order of the trial court are
affirmed.

 AFFIRMED.



 ____________________________

 STEVE MCKEITHEN

 Chief Justice 

Submitted on August 25, 2003

Opinion Delivered December 11, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.




DISSENTING OPINION


 I respectfully dissent to the resolution of issue five in which the majority finds no
trial court error in the admission into evidence of Adams' prison disciplinary records. 
Adams argues the documents were not relevant. I agree.

 The majority says the records are "probative of a fact in consequence, that is,
whether Adams has a behavioral abnormality making him likely to engage in a predatory
act of sexual violence." However, the majority concedes that only four of the over one
hundred incidents were sexual in nature. And, overlooked entirely by the majority is the
remoteness of all of these incidents. 

 When determining whether to admit evidence of extraneous acts in criminal cases,
we consider the remoteness of the act as a factor. James v. State, 554 S.W.2d 680, 683
(Tex. Crim. App. 1977); Reyes v. State, 69 S.W.3d 725, 740 (Tex. App.--Corpus Christi
2002, pet. ref'd). I believe remoteness should be a factor here. My review of Adams's
disciplinary records, most of which concerned minor rule infractions, show that over fifty
percent of them occurred before 1992, or ten years prior to his trial. Significantly, there
are no reports after 1998. So, for the four years immediately prior to trial, Adams
apparently was controlling his behavior in accordance with prison regulations.

 The nature of the vast majority of the incidents coupled with their remoteness
undermines their relevance. Admission of such records increases the likelihood that the
jury will focus improperly on the incidents or defendant's "bad character." See Tamez v.
State, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). I would find the trial court erred in
admitting the disciplinary records into evidence and reverse and remand for a new trial. 


 _______________________________ 
 DON BURGESS

 Justice


Dissent Delivered

December 11, 2003
1. No written stipulation appears in the record. As this is a civil case, the stipulation
should have been reduced to writing and filed with the record in the manner provided by
the Rules of Civil Procedure. See Tex. R. Civ. P. 11; Tex. R. Evid. 201. 
2. The records included Adams's prison disciplinary history and a record of his
previous convictions. They were submitted in three exhibits. Issue four concerns Exhibit
No. 4, and issue five addresses Exhibit Nos. 5 and 6. 
3. A better analogy in criminal jurisprudence might be found in future dangerousness
determinations in capital prosecutions. In civil litigation, similar considerations are
involved in best interest determinations in suits for termination of parental rights. We will
confine our analysis to the arguments raised in the briefs.