In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-205 CV


____________________



IN RE THE COMMITMENT OF ROBERT J. REEDY







On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 02-05-03240-CV






MEMORANDUM OPINION (1)


 The State of Texas filed a petition to commit Robert J. Reedy as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.147 (Vernon 2003). A
jury found Reedy to be a repeat sexually violent offender and found that Reedy suffers
from a behavioral abnormality making him likely to engage in a predatory act of sexual
violence. He does not challenge the sufficiency of the evidence to support the jury's
finding. The trial court entered a final judgment and order of civil commitment. Reedy
presents five issues in his appeal. We find no error and affirm the judgment.

 Reedy's first issue contends that Chapter 841 of the Texas Health and Safety Code
is unconstitutionally punitive in nature. He relies upon the factors set forth in Kennedy v.
Mendoza-Martinez, 372 U.S. 144, 168-69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). We have
repeatedly rejected similar arguments in other Chapter 841 commitment cases. See
Beasley v. Molett, 95 S.W.3d 590, 607-10 (Tex. App.--Beaumont 2002, pet. denied); see
also In re Commitment of Adams, No. 09-03-003 CV, 2003 WL 22922662, *1 (Tex. App.--Beaumont December 11, 2003, no pet. h.); In re Commitment of Petersimes, No. 09-03-087 CV, 2003 WL 22736471 *1 (Tex. App.--Beaumont November 20, 2003, no pet. h.);
In re Commitment of Almaguer, 117 S.W.3d 500, 502 (Tex. App.--Beaumont 2003, pet.
filed); In re Commitment of Graham, 117 S.W.3d 514, 514-15 (Tex. App.--Beaumont
2003, pet. filed); In re Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex. App.--Beaumont 2002, pet. denied). The same arguments and authorities in Reedy's brief were
presented in Graham and Adams. Furthermore, Reedy does not identify any particular
circumstances appearing in the record that would support an argument that Chapter 841
operates unconstitutionally as applied to him notwithstanding its general constitutionality. 
Because we find the statute in question to be facially constitutional, in accordance with our
precedents, Issue One is overruled.

 Reedy's second issue claims that due process was violated when the trial court
refused to submit the issue of volitional control to the jury. In other cases with
substantially the same definitions and issues as that presented here, we have held that the
definitions provided by the trial court adequately presented the issue to the jury and thus
satisfied due process. Adams, slip op. at 2-3; Petersimes, slip op. at 2-3; Almaguer, 117
S.W.3d at 502-06; Graham, 117 S.W.3d at 515; Shaw, 117 S.W.3d 520, 524 (Tex. App.--Beaumont 2003, pet. filed). Because a separate instruction on volitional control is not
required under Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002),
Issue Two is overruled. 

 The third constitutional challenge asserts that Chapter 841, Texas Health and Safety
Code, is unconstitutionally vague and violates the separation of powers doctrine. The
identical arguments and authorities raised in Reedy's brief were raised and rejected in
Adams, Petersimes, Almaguer, Graham, and Shaw. Adams, slip op. at 3; Petersimes, slip
op. at 3; Almaguer, 117 S.W.3d at 506; Graham, 117 S.W.3d at 515; Shaw, 117 S.W.3d
at 524-25. Those cases, in turn, continued the precedent set in earlier cases from this
Court. See Beasley, 95 S.W.3d at 608-09; see also In re Commitment of Morales, 98
S.W.3d 288, 291 (Tex. App.--Beaumont 2003, pet. denied); Mullens, 92 S.W.3d at
883-84, 887-88. Based on the precedent established in our previous decisions, we overrule
Issue Three.

 Issue Four contends that requiring Reedy to submit to polygraph examinations
violates the Fifth Amendment privilege against self-incrimination. We have previously
held this issue to be subject to the rules for procedural default. Morales, 98 S.W.3d at
291-92. As Reedy did not assert this claim before the trial court, we need not consider it. 
Id.; Tex. R. App. P. 33.1. At any rate, we have rejected the argument raised in Reedy's
brief in previous appeals from civil commitment under the sexually violent predator
statute. Petersimes, slip op. at 4; Shaw, 117 S.W.3d at 525; Mullens, 92 S.W.3d at 888;
see also In re Commitment of Martinez, 98 S.W.3d 373, 377 (Tex. App.--Beaumont 2003,
pet. filed). Reedy voices his disagreement with these precedents but does not present any
new arguments for overruling them. Issue Four is overruled.

 In Issue Five, Reedy complains that the trial court erred in admitting the
penitentiary records, or "pen packets" for his prior convictions for sexual offenses when
appellant stipulated to them. The exhibit in question contains a photograph of the appellant
and copies of three judgments for indecency with a child through sexual contact and the
underlying indictments for the three judgments. Reedy offered to stipulate to the prior
convictions and objected to the admission of the exhibit "under Roblais," which we assume
was a reference to Robles v. State, 85 S.W.3d 211, 213 (Tex. Crim. App. 2002)("When
the accused offers to stipulate that the jurisdictional convictions exist, the probative value
of evidence of the same convictions is substantially outweighed by the danger of unfair
prejudice."), and the functional equivalent of an objection to unfairly prejudicial evidence
under Tex. R. Evid. 403. Admitting the penitentiary packet, Reedy argues, allows the
jury to focus unfairly on appellant's prior convictions, contrary to Tamez v. State, 11
S.W.3d 198, 202 (Tex. Crim. App. 2000), instead of focusing on the existence of a
current behavioral abnormality. 

 Proof of two prior convictions for sexual offenses is required to establish Reedy's
status as a sexually violent predator. See Tex. Health & Safety Code Ann. § 841.003
(a)(1),(b) (Vernon 2003). In Petersimes and again in Adams we rejected the same
argument presented by the appellant in his brief to the Court. Adams, slip op. at 4-6;
Petersimes, slip op. at 4-6. A judicial admission to the prior convictions relieved the State
of the burden of submitting evidence to prove Reedy is a repeat sexually violent offender. 
But in order to meet its burden of proof that Reedy is a sexually violent predator, the State
was also required to prove that Reedy suffers from a behavioral abnormality that makes
him likely to engage in a predatory act of sexual violence. See Tex. Health & Safety
Code Ann. § 841.003 (a)(2) (Vernon 2003). The appellant argues that the judgments
unfairly focus the jury on the fact that he has prior convictions rather than on whether he
has a behavioral abnormality. Placing the exhibit into context, however, illustrates both
its probative value and the lack of unfair prejudice from its admission. Only sexual
offenses in 1989 toward males under 17 years of age are revealed in the exhibit. The jury
also heard testimony that Reedy was imprisoned from 1989 to 1996, placed on parole, then
sent back to prison from 2000 to the date of trial. The forensic psychiatrist considered the
appellant's offense history in forming her opinion that Reedy suffers from sexual
pedophilia, a behavioral abnormality. She testified without objection that during their
interview Reedy admitted to having assaulted over 40 young adolescent male victims over
the course of his lifetime. The evidence assisted the jury in making its determination of
whether Reedy has a behavioral abnormality that makes him likely to engage in a predatory
act of sexual violence and did not focus undue attention on the fact that Reedy was also a
convicted criminal. Issue Five is overruled.

 Appellant's issues are overruled. The judgment and order of the trial court are
affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on January 23, 2004

Opinion Delivered January 29, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.




1. Tex. R. App. P. 47.4.