In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-270 CV


____________________



IN RE THE COMMITMENT OF BRYAN DAVID WEBB







On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 02-06-04234-CV






MEMORANDUM OPINION (1)


 The State of Texas filed a petition to commit Bryan David Webb as a sexually
violent predator. See Tex. Health & Safety Code Ann. §§ 841.001-.147 (Vernon
2003). A jury found Webb to be a repeat sexually violent offender and found that Webb
suffers from a behavioral abnormality making him likely to engage in a predatory act of
sexual violence. The appellant does not challenge the sufficiency of the evidence to
support the jury's findings. The trial court entered a final judgment and order of civil
commitment. Webb presents four issues in his appeal. We find no error and affirm the
judgment.

 Issue One contends that Chapter 841 of the Texas Health and Safety Code is
unconstitutionally punitive in nature under the factors in Kennedy v. Mendoza-Martinez,
372 U.S. 144, 168-69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). We have repeatedly rejected
similar arguments in other Chapter 841 commitment cases. See Beasley v. Molett, 95
S.W.3d 590, 607-10 (Tex. App.--Beaumont 2002, pet. denied); see also In re Commitment
of Adams, No. 09-03-003 CV, 2003 WL 22922662, *1 (Tex. App.--Beaumont December
11, 2003, no pet. h.); In re Commitment of Petersimes, No. 09-03-087 CV, 2003 WL
22736471 *1 (Tex. App.--Beaumont November 20, 2003, no pet. h.); In re Commitment
of Almaguer, 117 S.W.3d 500, 502 (Tex. App.--Beaumont 2003, pet. filed); In re
Commitment of Graham, 117 S.W.3d 514, 514-15 (Tex. App.--Beaumont 2003, pet. filed);
In re Commitment of Mullens, 92 S.W.3d 881, 883-84 (Tex. App.--Beaumont 2002, pet.
denied). The same arguments and authorities in Webb's brief were presented in Graham
and Adams. Furthermore, Webb does not identify any particular circumstances appearing
in the record that would support an argument that Chapter 841 operates unconstitutionally
as applied to him notwithstanding its general constitutionality. Because we find the statute
in question to be facially constitutional, in accordance with our precedents, we overrule
Webb's first issue.

 Issue Two claims that due process was violated when the trial court refused to
submit the issue of volitional control to the jury. In other cases with substantially the same
definitions and issues, we have held that the definitions provided by the trial court
adequately presented the issue to the jury and thus satisfied due process. Adams, slip op.
at 2-3; Petersimes, slip op. at 2-3; Almaguer, 117 S.W.3d at 502-06; Graham, 117 S.W.3d
at 515; In re Commitment of Shaw, 117 S.W.3d 520, 524 (Tex. App.--Beaumont 2003,
pet. filed). Because a separate instruction on volitional control is not required under
Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), we overrule the
appellant's second issue. 

 Issue Three asserts that Chapter 841, Texas Health and Safety Code, is
unconstitutionally vague and violates the separation of powers doctrine. Arguments and
authorities identical to Webb's were considered and rejected in Adams, Petersimes,
Almaguer, Graham, and Shaw. Adams, slip op. at 3; Petersimes, slip op. at 3; Almaguer,
117 S.W.3d at 506; Graham, 117 S.W.3d at 515; Shaw, 117 S.W.3d at 524-25. Those
cases continued the precedent set in earlier opinions from this Court. See Beasley, 95
S.W.3d at 607-10; see also In re Commitment of Morales, 98 S.W.3d 288, 291 (Tex.
App.--Beaumont 2003, pet. denied); Mullens, 92 S.W.3d at 883-84, 887-88. Based on the
precedent established in our previous decisions, we overrule Issue Three.

 Issue Four contends that requiring Webb to submit to polygraph examinations
violates the Fifth Amendment privilege against self-incrimination. We have previously
held this issue to be subject to the rules for procedural default. Morales, 98 S.W.3d at
291-92. Because the appellant did not assert this claim before the trial court, we do not
reach it on appeal. Id.; Tex. R. App. P. 33.1. The arguments raised in Webb's brief were
presented without success in other sexually violent predator civil commitment appeals. 
Petersimes, slip op. at 4; Shaw, 117 S.W.3d at 525; Mullens, 92 S.W.3d at 888; see also
In re Commitment of Martinez, 98 S.W.3d 373, 377 (Tex. App.--Beaumont 2003, pet.
denied). Webb disagrees with these precedents but does not present any new arguments
for overruling them. We would reject his arguments were we to reach the merits of the
issue. Issue Four is overruled.

 Appellant's issues are overruled. The judgment and order of the trial court are
affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on January 26, 2004

Opinion Delivered February 5, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.