In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-04-237 CV


____________________



IN RE COMMITMENT OF BRUCE McCAIN






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Court Cause No. 03-10-07757-CV






MEMORANDUM OPINION


 The State of Texas filed a petition to commit Bruce McCain as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.147 (Vernon 2003 and
Supp. 2004-05). A jury found McCain suffers from a behavioral abnormality making him
likely to engage in a predatory act of sexual violence, and found McCain has serious
difficulty in controlling his sexually violent behavior. The trial court entered a final
judgment and order of civil commitment. McCain presents three issues for appellate
review. 

 In his first issue, McCain contends section 841.041 of the Health and Safety Code,
which provides for the filing in Montgomery County of "a petition alleging that the person
is a sexually violent predator," violates the Texas Constitution. See Tex. Health &
Safety Code Ann. § 841.041(a) (Vernon Supp. 2004-05). He says the Constitution
prohibits the legislature from passing a special or local law which changes venue in a civil
or criminal case, and prohibits passing a local or special law when a general law can be
made applicable. See Tex. Const. Art. III, § 56(a)(4), (b). 

 First, we must address the State's contention that the appellant waived the issue. 
At trial, the appellant made no objection to venue, and the issue is raised for the first time
on appeal. A complaint regarding the constitutionality of a statute is subject to the
ordinary rules of procedural default. See Tien Tao Ass'n, Inc. v. Kingsbridge Park
Community Ass'n, Inc., 953 S.W.2d 525, 532 (Tex. App.--Houston [1st Dist.] 1997, no
pet.). "[T]he constitutionality of a statute should be considered only when the question is
properly raised and such determination is necessary and appropriate to a decision in the
case." In re Doe 2, 19 S.W.3d 278, 284 (Tex. 2000). "The presumption is that a statute
enacted by our Legislature is constitutional, and attacks on that presumption should
generally be raised as an affirmative defense to enforcement of the statute." Id. (footnote
omitted); see also Tivoli Corp. v. Jewelers Mut. Ins. Co., 932 S.W.2d 704, 708 (Tex.
App.--San Antonio 1996, writ denied)(state constitution-based challenge to visiting judge
assignment section of Court Administration Act). The appellant failed to make the timely
specific objection required to preserve error for appellate review. See Tex. R. App. P.
33.1; see also In re Johnson, No. 09-04-060 CV (Tex. App.--Beaumont Dec. ____, 2004,
no pet. h.). Issue one is overruled.

 In his second issue, McCain contends section 841.082(b) of the Health & Safety
Code is void for vagueness because, he says, "it appears to mandate the trial judge to
transfer jurisdiction 'for purposes of appeal' to another district court, a procedure not
authorized by the Texas Constitution or the Texas Government Code." See Tex. Health
& Safety Code Ann. § 841.082(d) (Vernon Supp. 2004-05). We have previously
considered and rejected this argument, and for the same reasons reject McCain's argument
here. See In re Lowe, No. 09-03-475 CV, 2004 WL 2827140, at *5 App.--Beaumont Dec.
9, 2004, no pet. h.). Issue two is overruled.

 In his third issue, McCain argues "the SVP statute, and final judgment and order
of commitment and civil commitment requirements, are unconstitutionally overly broad
and vague in violation of appellant's due process rights under the U.S. and Texas
Constitutions." We have considered and rejected this argument as to the SVP statute in
previous cases, and for the same reasons reject McCain's argument here. See In re
Commitment of Graham, 117 S.W.3d 514, 515 (Tex. App.--Beaumont 2003, pet. denied);
Beasley v. Molett, 95 S.W.3d 590, 607-610 (Tex. App.--Beaumont 2002, pet. denied); In
re Commitment of Mullens, 92 S.W.3d 881, 887-888 (Tex. App.--Beaumont 2002, pet.
denied). McCain contends the commitment order is unconstitutionally vague. [Ant: 20] 
He refers specifically to the provision ordering him not to have contact with "potential
victims." However, McCain failed to preserve this argument for our review as required
by Rule 33.1(a) of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 33.1(a). 
Therefore, we do not consider McCain's vagueness argument regarding the commitment
order.

 McCain attacks certain requirements of the treatment and supervision contract,
which he attaches to his brief as Appendix A. However, this contract is not part of the
appellate record. Materials which are attached to briefs, but are not contained in the
appellate record, cannot be considered by an appellate court. See Till v. Thomas, 10
S.W.3d 730, 733-34 (Tex. App.--Houston [1st Dist.] 1999, no pet.); see also Tex. R.
App. P. 34.1. Therefore, we do not consider McCain's arguments regarding the treatment
and supervision contract. McCain's third issue is overruled. The judgment of the trial
court is affirmed.

 AFFIRMED. 

 PER CURIAM 

Submitted on November 18, 2004

Opinion Delivered December 22, 2004

 

Before McKeithen, C.J., Burgess and Gaultney, JJ.