In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00130-CV**
_____

**IN RE COMMITMENT OF GILBERT B. TOLBERT JR.**

_____

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-06-08819-CV**
_____

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Gilbert B. Tolbert Jr. as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.001–.153. (SVP statute). A jury found that Tolbert is a sexually violent predator. The trial court rendered a final judgment and order of civil commitment, and Tolbert appealed. In two issues, Tolbert challenges the legal and factual sufficiency of the evidence supporting the jury's finding. As discussed below, we affirm the trial court's judgment and order of civil commitment.

1

## THE EVIDENCE

Dr. Sheri Gaines, a board-certified psychiatrist who has specialized training in forensic psychiatry, testified that she evaluated Tolbert and relied upon principles of psychiatry in doing so. Dr. Gaines explained that the standard methodology involves face-to-face interviews, as well as reviewing police and prison records, victim statements, and depositions. Dr. Gaines testified that she interviewed Tolbert for approximately two hours, reviewed the records, and conducted a risk assessment. Dr. Gaines opined that, based on her education, training, experience, and methodology, Tolbert suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Dr. Gaines explained that the facts and data surrounding Tolbert's sexual convictions and nonsexual criminal history constitute risk factors and helped her to formulate her opinion about whether Tolbert is likely to reoffend. Dr. Gaines testified that Tolbert's first offense with an element of a sexual nature involved forcing a victim in his car at gunpoint and telling the victim he was going to have sex with her, and Tolbert admitted that he tried to force the victim to have sex. Dr. Gaines testified that Tolbert was convicted of false imprisonment or terroristic threat. Dr. Gaines testified that Tolbert was also convicted of rape and placed on probation for ten years, and he claimed the encounter was consensual. Dr. Gaines explained that while on probation, Tolbert was convicted of attempted sexual assault

and burglary of a habitation with the intent to commit kidnapping, which involved a sexual assault that was dismissed in a plea deal. Dr. Gaines testified that Tolbert committed another sexual assault after he was released on parole. Dr. Gaines explained that Tolbert is sexually deviant, and sexual deviance is a condition that affects his emotional and volitional control and makes him a menace to society. Dr. Gaines testified that other risk factors included that Tolbert has repeatedly engaged in sexually deviant behavior, the fact that Tolbert reoffended while on probation and parole, persistence after punishment, offending in public places, unrelated victims, violence during a sexual offense, denial, lack of insight, lack of understanding, lack of remorse, and use of substances during an offense.

Dr. Gaines diagnosed Tolbert with sexual sadism disorder and other specified personality disorder with antisocial features. Dr. Gaines also testified that Tolbert received approximately thirty disciplinaries for sexual offenses in prison, including for public masturbation toward female correctional officers, which further evidenced his sexual deviance and antisocial personality. Dr. Gaines explained that Tolbert has not had sex offender treatment, and his denial of offending and lack of remorse and responsibility elevates his risk for reoffending. Dr. Gaines testified the evidence shows Tolbert has a congenital or acquired condition that has affected his emotional or volitional capacity. Dr. Gaines identified positive factors that might decrease Tolbert's risk of reoffending, including his age, family support, education level,

3

participation in prison programs, participation in a sex offender education program, and employment history, but Dr. Gaines explained those factors do not change her opinion that Tolbert suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

Tolbert testified that he is currently incarcerated for sexual assault and serving sixty years. Tolbert testified that he committed his first sexual offense in 1982, and he admitted that he had a gun and drove the victim out in the country against her will and told her he wanted to have sex, but he claimed he did not plan on having sex with the victim against her will. Tolbert explained the victim escaped and he was only charged with a misdemeanor. Tolbert testified that in 1983 he was charged with rape, and he pled guilty and was placed on probation but claimed it was consensual. Tolbert further testified that while on probation he was charged with attempted sexual assault and pled guilty, but he claimed the victim lied. Tolbert explained that he was also charged with sexual assault while on probation, and he agreed that records showed the charge was dropped because he was convicted of burglary with intent to kidnap. Tolbert testified that after he got out of prison, he was charged with committing another sexual assault while on parole and a jury found him guilty, but Tolbert claimed the victim lied.

Tolbert admitted that while in prison, he had received over thirty disciplinary cases that involved sexual misconduct. Tolbert testified that during his incarceration,

4

he received disciplinary cases for masturbating in public. Tolbert testified that he completed a sex offender education program, but he never participated in sex offender treatment because he did not believe he was a sex offender or had any mental health problems. Tolbert denied that he sexually victimized anyone, but he also admitted to sexually assaulting one of his victims while on parole and claimed he did not know he was sexually victimizing the victim.

## ANALYSIS

In two appellate issues, Tolbert argues that the evidence is legally and factually insufficient to support the jury's finding that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Tolbert argued that Dr. Gaines's opinion cannot support the verdict, because her opinion is unreliable, conclusory, and speculative.

In an SVP civil commitment proceeding, the State bears the burden to prove beyond a reasonable doubt that the respondent is a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.062; *In re Commitment of Morales*, 98 S.W.3d 288, 291 (Tex. App.—Beaumont 2003, pet. denied). A person is a sexually violent predator if the person "is a repeat sexually violent offender[] and []suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a). A behavioral abnormality is "a congenital or acquired condition that, by affecting a person's

5

emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2).

Under a legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *See id.* at 887. Under a factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

To the extent Tolbert argues on appeal that Dr. Gaines's methodology or underlying data on which she relied is unreliable, Tolbert failed to properly preserve these arguments. An objection to reliability must be timely made at trial. Tex. R. App. P. 33.1(a)(1) (providing that to preserve error, a defendant's challenge, whether by request, objection, or motion must be timely); *In re Commitment of Grunsfeld*, No. 09-09-00279-CV, 2011 WL 662923, at *6 (Tex. App.—Beaumont Feb. 24,

2011, pet. denied) (mem. op.) (stating the defendant must timely object to the reliability of an expert's methodology). At trial, Tolbert did not challenge the reliability of Dr. Gaines's methodology or the underlying data on which she relied at trial. In Tolbert's motion for new trial, Tolbert alleged that the trial court erred by allowing Dr. Gaines to testify regarding the likelihood about his risk to reoffend because the SVP statute does not properly define the term "likely" and the term's meaning should be held as void and unconstitutional. Tolbert has not shown that he challenged the reliability of Dr. Gaines's testimony when a challenge could have allowed the trial court to analyze the expert's underlying methodology. *See Grunsfeld*, 2011 WL 662923, at *6; *In re Commitment of Hood*, No. 09-16-00012-CV, 2016 WL 4247961, at *4 (Tex. App.—Beaumont Aug. 11, 2016, no pet.) (mem. op.).

Under Texas law, wholly conclusory and speculative opinion testimony does not constitute legally sufficient evidence to support a verdict because such testimony "does not tend to make the existence of a material fact 'more or less probable.'" *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004)). Therefore, "[b]are, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *Id.* Tolbert argues that Dr. Gaines reached her opinions without data that supports her conclusions. Dr. Gaines testified she is

7

board certified in and has specialized training in forensic psychiatry. In reaching her conclusions, Dr. Gaines testified that she applied her training and experience related to evaluating whether a person has a behavioral abnormality, as well as the information she reviewed in Tolbert's case in forming her opinions. The testimony shows that Dr. Gaines interviewed Tolbert, reviewed records that are relevant to Tolbert's criminal history, and she reviewed the details of Tolbert's offenses involving sexually violent crimes. The records Dr. Gaines reviewed are the types of records that experts in Dr. Gaines's field rely on in forming opinions. Dr. Gaines also explained that she performed her assessment of Tolbert in a manner that is consistent with the methodology that experts in her field follow and the accepted standards in the field of forensic psychiatry.

After Dr. Gaines explained her methodology and how she applied that methodology to Tolbert, Gaines testified that in her professional opinion Tolbert has a behavioral abnormality that makes Tolbert likely to engage in predatory acts of sexual violence. The jury heard evidence of Tolbert's risk factors, sexual offenses, and diagnoses. The jury also heard Dr. Gaines's testimony that Tolbert is sexually deviant and that his sexual deviance affects his emotional and volitional control and makes him a menace to society. The jury also considered Dr. Gaines's testimony that Tolbert continued to engage in sexual offenses while on probation and parole and in prison and that his risk of reoffending was elevated due to his lack of remorse

8

and responsibility and failure to participate in sex offender treatment. The jury also heard Tolbert testify about his criminal history and considered his testimony that he did not believe he had sexually victimized any of his victims or that he was a sex offender.

We conclude that Dr. Gaines's testimony was not baseless nor was it too conclusory to support a finding that Tolbert suffers from a behavioral abnormality. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found, beyond a reasonable doubt, that Tolbert is a sexually violent predator, and the evidence is legally sufficient to support the jury's finding. *See* Tex. Health & Safety Code Ann. § 841.062(a); *see also Kansas v. Crane*, 534 U.S. 407, 412 (2002); *Mullens*, 92 S.W.3d at 885. Tolbert argues that portions of Dr. Gaines's testimony were misleading. However, it was up to the jury to decide these issues as the sole judge of the weight and credibility of the evidence. *See Mullens*, 92 S.W.3d at 887. On this record, the evidence allowed the jury to draw reasonable inferences from basic facts to determine ultimate issues. *See In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 WL 5205387, at *4 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.) (citation omitted); *see also Hood*, 2016 WL 4247961, at *5. The jury may resolve conflicts and contradictions in the evidence by believing all, part, or none of the testimony. *Mullens*, 92 S.W.3d at 887. We further conclude that, as the sole judge of the credibility of the evidence, the jury could

reasonably conclude that Tolbert suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Muzzy*, No. 09-13-00496-CV, 2014 WL 1778254, at *3 (Tex. App.—Beaumont May 1, 2014, pet. denied) (mem. op.); *see also Mullens*, 92 S.W.3d at 887; *Hood*, 2016 WL 4247961, at *5. Weighing all the evidence, we conclude the verdict does not reflect a risk of injustice that compels ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule both issues raised by Tolbert, and we affirm the trial court's judgment and order to civil commitment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on December 27, 2022
Opinion Delivered February 16, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

10