**ALLSTATE TEXAS LLOYDS,**
**Appellant,**

v.

**Florince Ethridge POTTER, Appellee.**

No. 06–99–00108–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 5, 2000.

Decided Oct. 17, 2000.

Rodney L. Lagrone, Holman & Langdon, LLP, Texarkana, for appellant.

Edward R. Blackstone, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

DONALD R. ROSS, Justice.

Allstate Texas Lloyds appeals from a judgment rendered in favor of Florince Ethridge Potter after a trial by jury. Potter brought suit against Allstate to enforce an insurance claim after a house she owned as rental property was destroyed in an arson fire. Allstate defended the lawsuit by claiming that Potter set the fire. The sole ground for this appeal is whether the trial court erred in excluding evidence of prior fires to property owned by Potter or owned by members of her family.

Potter was insured by Allstate on the rental house against loss by fire in the sum of $45,000.00. The house burned on July 21, 1993. The parties agreed that the fire was set intentionally. The parties also agreed that the house was a complete loss, and the parties stipulated to attorney's fees. The sole question to the jury was whether Potter either set the fire or caused the fire to be set.

Potter presented a motion in limine to the trial court which requested that any evidence "[t]hat plaintiff, or any members of her family, have had any previous insurance claims or fires" be excluded. The

motion was granted. At trial, Allstate offered evidence of three prior fires, which the trial court excluded. Allstate appeals, contending that this exclusion was improper.

■ In an action on a fire policy, it is presumed that the loss has not been caused by the insured's own willful or intentional act. *Payne v. Hartford Fire Ins. Co.*, 409 S.W.2d 591, 595 (Tex.Civ.App.— Beaumont 1966, writ ref'd n.r.e.). To counter this presumption, arson may be proved by circumstantial evidence because it is ordinarily conceived and executed in secrecy. *St. Paul Guardian Ins. Co. v. Luker*, 801 S.W.2d 614, 622 (Tex.App.— Texarkana 1990, no writ).

The admission or exclusion of evidence is a matter within the discretion of the trial court. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). To reverse a judgment based on error in the admission or exclusion of evidence, the appellant must show that the trial court committed error and that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. 44.1(a)(1); *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex.1992).

Allstate contends that the exclusion from evidence of the three prior fires was an error by the court which resulted in the jury's decision in Potter's favor. Evidence that is relevant is admitted unless there is a basis for exclusion or the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, concerns about the jury being misled, considerations of undue delay, or needless presentation of cumulative evidence. Tex.R.Evid. 402, 403. Generally, evidence of other wrongs or acts is not admissible to prove the character of a person to show that the individual acted in conformity on the particular occasion. Tex.R.Evid. 404(a). Evidence of other wrongs or acts may be admissible in situations where the evidence would go toward the establishment of motive, opportunity, intent, preparation, plan, knowledge, iden-

tity, or absence of mistake or accident. Tex.R.Evid. 404(b).

Allstate contends that evidence of the three prior fires illustrates a continuing design, system, or scheme by Potter to commit insurance fraud. In support of this contention Allstate relies on the case of *State Farm Fire & Cas. Co. v. Simmons*, where the Texas Supreme Court observed that eight common factors of insurance fraud by arson were presented to the jury by witnesses during trial. One of these factors was prior fire losses. *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 46 (Tex.1998). However, the issue in *Simmons* was a bad faith claim by the insureds against wrongful investigation by their insurance company. The eight factors of insurance fraud were a standard set by the insurance company when determining whether to deny coverage. *Simmons* determined no evidentiary issues that would make prior fires admissible per se in arson cases. Allstate must still show that the prior fires fall into one of the exceptions of Tex.R.Evid . 404(b) and that admittance of the evidence would not result in undue prejudice under Tex.R.Evid. 403.

Allstate has two claims to support its position that a continuing design, system, or scheme exists in the three previous fires. These claims are that Potter had a financial motive to start each of the fires and that Potter was the last person observed at the scene of each of the fires before the fire began. Potter controverts these claims with numerous points of evidence.

The first fire took place at the home of Potter's mother. The testimony by Potter was that both her mother and she were the last people in the house. Allstate asserts that Potter's financial gain from this fire is money that her mother kept under the mattress. There was no record of any insurance on the house, and there would be no financial basis for Potter to burn a house she did not own or have insurance to

cover the loss. The claim that Potter was the last person in the house was never admitted into evidence. The claim was a hearsay statement made in the deposition of Charles Ethridge, Potter's ex-husband. This fire was approximately twenty years before the fire that was the basis for this suit.

The second fire was to a mobile home owned by Potter and her ex-husband. Potter was the last person in the home before it burned. Potter collected insurance money from this fire, but there was no investigation by the insurance company and no indication of a criminal investigation. The only testimony as to a possible cause of this fire was that smoke had been seen coming from the electrical plugs.

The third fire was an attic fire in the same house that was involved in this case. Potter received insurance money for this fire from Allstate without any investigation.[1] Allstate presents testimony that Potter was in the house, but there were other people in the house at the same time. Potter testified that she was on the ladder to the attic shortly before the fire. She denies having gone into the attic, and there were children playing at the bottom of the ladder while she was on it.

■ In order to establish that Potter had a continuing design, system, or scheme, Allstate must show that a sufficient nexus exists between the prior fires and the one in question. *First Southwest Lloyds Ins. Co. v. MacDowell*, 769 S.W.2d 954, 957 (Tex.App.—Texarkana 1989, writ denied); *Texas Farm Bureau Mut. Ins. Co. v. Baker*, 596 S.W.2d 639, 642–43 (Tex. Civ.App.—Tyler 1980, writ ref'd n.r.e.). Factors to consider in determining whether a sufficient nexus exists are whether there was evidence of wrongdoing, whether the homeowner's insurance agent was informed of previous fire(s) when the policy was purchased, whether the prior fire(s) was remote in time, whether the prior fire(s) was an isolated event or one of several in a continuing scheme, and whether the prejudicial effect of the evidence would outweigh its relevancy. *MacDowell*, 769 S.W.2d at 957.

■ It is unknown whether Potter informed the Allstate agent about either of the first two fires before issuance of the policy. Only the first fire that was twenty years ago was remote; the other two fires occurred in 1992. The prior fires could be a continuing scheme if they were found to have similar origins, but the only fire that was certain to be arson was the one in question. None of the previous fires associated with Potter had any evidence of wrongdoing, and there was no investigation. It is not necessary for this Court to determine if the balance of these factors would or would not lead to a nexus being present so that Allstate would be allowed to enter the evidence, because Allstate must not only show that the prior fires fall into the exceptions of Tex.R.Evid. 404(b), but it must also show that admittance of the evidence would not result in undue prejudice under Tex.R.Evid. 403. This is the final factor in determining if a sufficient nexus exists between the prior fires and the one in dispute.

■ Under Tex.R.Evid. 403, the trial court is required to conduct a balancing test to determine whether the evidence is admissible. The trial court has wide latitude in excluding evidence that could result in unfair prejudice. Its ruling will be upheld absent an abuse of discretion. *TCA Bldg. Co. v. Northwestern Res. Co.*, 922 S.W.2d 629, 637 (Tex.App.—Waco 1996, writ denied). The test for abuse of discretion is not whether in the opinion of the reviewing court the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. The mere fact that a trial court may decide a matter within its discretionary authority differently than would an appellate judge does not demon-

---

1. The attic was repaired to meet HUD re-   quirements after the fire.

strate such an abuse. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

Allstate has offered no evidence to show an abuse of discretion by the trial court. It is not difficult to fathom that Potter would be the last individual to be present before a fire if she owns the property. It is obvious that Potter would gain financially from an insurance company if property she owned, and for which she had insurance coverage, was destroyed by fire. Allstate has no evidence that any of these fires were the result of wrongdoing except the fire which is the basis of this suit. Permitting the evidence of the prior fires to be introduced would have led to litigation of the previous fires, and there would have been unfair prejudice against Potter. *See Serv. Lloyds Ins. Co. v. Martin*, 855 S.W.2d 816, 826 (Tex.App.—Dallas 1993, no writ).

■ Allstate points out in its brief that the trial judge did not offer any reasons for granting Potter's motion in limine to exclude the evidence. TEX.R.EVID. 403 does not require that the balancing test be performed on the record. The trial judge is assumed to have conducted the balancing test and determined that the evidence is inadmissible. *Poole v. State*, 974 S.W.2d 892, 897 (Tex.App.—Austin 1998, pet. ref'd); *Yates v. State*, 941 S.W.2d 357, 367 (Tex.App.—Waco 1997, pet. ref'd); *Caballero v. State*, 919 S.W.2d 919, 922 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). Allstate's sole ground on appeal is overruled.

The judgment of the trial court is affirmed.