In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-15-00526-CV

IN RE COMMITMENT OF RODNEY STEVE HAINES

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-07-07529-CV**

## MEMORANDUM OPINION

The State of Texas filed a petition to commit Rodney Steve Haines (Haines or Appellant) as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2015) (SVP statute). A jury found that Haines is a sexually violent predator and the trial court rendered a final judgment and an order of civil commitment. Haines timely filed an appeal. In two issues, Haines challenges the admission of certain evidence. We affirm the trial court's judgment and order of civil commitment.

FACTUAL AND PROCEDURAL INFORMATION

In 2006, Haines pleaded guilty and was convicted of seven counts of aggravated sexual assault and two counts of indecency with a child by contact for offenses against T.G., L.S., and A.W., for conduct occurring in 1990 and in 2005.[1] The court sentenced Haines to ten years' imprisonment on all counts, with the sentences to run concurrently. In July of 2014, the State filed a petition to commit Haines as a sexually violent predator.

Pretrial Objections to Evidence

Prior to trial, Haines's pen packets were offered into evidence as State's Exhibit 1. Exhibit 1 includes a copy of the indictments and the judgments for all nine of the offenses for which Haines was convicted. Haines told the court he had filed a motion in limine "regarding 404, 609 Evidence" and the motion was still pending.[2] Haines objected to the admission of the pen packets, arguing that under Texas Rule of Evidence 609, the State could only address the fact that Haines had been convicted for a felony and not the underlying facts concerning his offenses.

---

[1] We identify the victims by using initials. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims the "right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[2] The appellate record does not include a copy of a motion in limine filed by Haines.

The trial court overruled Haines's objection and admitted the pen packets into evidence.

At his pretrial hearing, Haines also objected to the testimony of any lay witness, including Haines himself, as to the underlying facts of Haines's convictions. Haines argued that Rules of Evidence 403, 404, and 609 do not permit such testimony by a lay witness, but he admitted that an expert is permitted to address the underlying facts. The State responded that although it planned to call Haines as a witness, it did not plan to impeach him nor use the facts of his convictions as character evidence. The State explained that "The questions that we are asking about, his offenses, go to his current state, what he thinks about those offenses, what he believes about those offenses." The court granted Haines's motion in limine as to fact or lay witnesses, including testimony by Haines himself, and explained that the attorneys would need to "approach the bench prior to going into particular issues that might affect this issue."

After voir dire but prior to trial, the court addressed Haines's objections to reading Haines's responses to certain requests for admission into the record at trial. Specifically Haines argued that "under the Texas Rules of Evidence, when you start talking about questioning an individual, a lay witness, under 404, 609, you are not allowed to get into the specifics of what the underlying facts of the criminal

case are. You are only allowed to get into the fact that he's been convicted." The State responded that Rule 404 only applies to character evidence and Rule 609 only applies to impeachment evidence, and the responses to requests for admission were neither character nor impeachment evidence. The court overruled Haines's objection.

Responses to Requests to Admission

Prior to calling any witnesses, the State read Haines's responses to requests for admissions into the record before the jury. In the responses to the requests for admissions, Haines admitted to the details of the offenses, and he also admitted:

> I had sex with [T.G.] when she was a child.
>
> I had sex with [T.G.] at my house.
>
> I had sex with [T.G.] in my truck.
>
> I had [T.G.] watch pornographic movies with me.
>
> I believe it was [T.G.] who initiated sexual contact with me when she was still a child.
>
> I enjoyed having sex with [T.G.], a child.
>
> I believe [T.G.] wanted to have sex with me.
>
> I had sex with [A.W.] when she was a child.
>
> I believe it was [A.W.] who initiated sexual contact with me when she was still a child.

4

I gave [A.W.], a child, material goods in exchange for sex.

I engaged in sexual contact with [L.S.] when she was a child.

Testimony of Haines

The State called Haines as its first witness at trial. In his testimony before the jury, Haines agreed that he fondled T.G., his step-daughter, multiple times a week beginning when T.G. was eleven years old, that he had sex with T.G. for about five years when she was a child, that they watched a pornographic movie together, and that he had sex with T.G. in his truck and in his house. According to Haines, T.G. was "willing[]" to have sex with him, and Haines testified that he enjoyed having sex with T.G. Haines agreed he pleaded guilty to the offenses against T.G. and that he was sentenced to ten years.

Haines also agreed that he pleaded guilty to two counts of aggravated assault against A.W. and that he was sentenced to ten years. Haines testified that he began sexually assaulting A.W. when she was thirteen years old and he was about fifty years old. He agreed that he fondled A.W. on several occasions, and that he gave her money, cigarettes, and a cell phone, but according to Haines, A.W. wanted "to do things" to receive these items. Haines stated that he sexually assaulted A.W. for about three months.

Haines testified that L.S. was a ten-year-old friend of A.W. who would sometimes spend the night with A.W. In his testimony, Haines denied having sexual contact with L.S., but he agreed he pleaded guilty to the offense of indecency with a child by contact with L.S.

Haines agreed that he described the conduct that was the basis for his convictions as "consensual" in an interview with a newspaper reporter. Haines admitted he is a pedophile and he agreed that, at the time the offenses occurred, he thought the girls wanted to have sex with him. When asked whether he thought some children are mature enough to have sex with adults, Haines replied "Some of them are, but they shouldn't."

Testimony of Dr. Lisa Clayton

Dr. Lisa Clayton (Clayton), a medical doctor specializing in psychiatry and forensic psychiatry, testified for the State. Clayton testified that, based on her education, training, and experience, it was her opinion that Haines has a behavioral abnormality that makes him likely to commit predatory acts of sexual violence. Clayton considered the following as factors that increase Haines's risk of reoffending: sexual deviancy or pedophilic disorder, antisocial personality disorder, substance use disorders, and having had multiple victims over a sixteen-year period.

Clayton explained that the records she reviewed included Haines's pen packets, which included the judgments against him, police reports, victim statements, other witness statements, Haines's parole file, his deposition, and an interview she conducted with Haines. According to Clayton, the records she reviewed are the same type of records typically reviewed and relied upon by experts in her field in making forensic evaluations. She explained that she looks at these past records and documents because "a person is a sum total of all of . . . their past acts and experiences[]" and that "what a person finds sexually attractive and stimulating, does not go away. . . . [Y]ou can maybe learn to control it, but it does not go away."

Clayton explained that she concluded Haines is sexually deviant after reviewing his records because he had or attempted to have sex with "a multitude" of prepubescent girls ranging from the age of nine to about age fourteen over a sixteen-year period. She testified that Haines used threats of violence and grooming techniques to facilitate his sexual abuse of his victims.

According to Clayton, the records show that Haines began to sexually offend against T.G. when T.G. was about nine years old and the offenses continued until T.G. was about sixteen years old. Clayton said that, when T.G. was nine, Haines started fondling T.G. once or twice a week and the fondling progressed to other

sexual acts and intercourse. Clayton stated that Haines also admitted to having sex with T.G. when she was a child, and that Haines described T.G. as a "willing[]" sexual partner.

According to Clayton, the records show that A.W. was around twelve or thirteen years old when Haines began sexually assaulting her and that he made threats against A.W. Clayton testified that, in her interview with Haines, Haines told her that A.W. seduced him in order to get things she wanted. Clayton explained that the records also showed that Haines fondled L.S. and that L.S. had reported that Haines made threats to L.S. Clayton also testified that the records suggested Haines had several other victims aged ten to fourteen, but no convictions resulted from those incidents.

Clayton testified that Haines's risk of re-offense was "very high[]" and that Haines had not ever requested treatment or been treated for his sexual deviance. It was Clayton's opinion that Haines needed treatment and that he did not have the tools necessary to control his sexual offending. Clayton explained that, in Haines's deposition and his interview with Clayton, Haines reported that he believed it was appropriate to have sex with prepubescent children.

Haines did not call any witnesses at trial. The jury found beyond a reasonable doubt that Haines is a sexually violent predator.

## ISSUES ON APPEAL

In two issues, Haines challenges the admission of certain evidence. In his first issue, Haines argues that the trial court erred by overruling his pre-trial objection to reading his responses to the State's requests for admissions because, under Texas Rule of Evidence 404(a), "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Tex. R. Evid. 404(a)(1). In his second issue, Haines argues that under Texas Rule of Evidence 403, his own testimony concerning the details of his offenses was more prejudicial than probative. Tex. R. Evid. 403.

## STANDARD OF REVIEW

We review a trial court's decision concerning the admissibility of evidence for an abuse of discretion. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)); *In re Commitment of Salazar*, No. 09-07-345 CV, 2008 Tex. App. LEXIS 8856, at *19 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or if it acts arbitrarily and unreasonably. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *Downer v.*

9

*Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995). We determine whether the case turns on the challenged evidence by reviewing the entire record. *See id.* at 754 (citing *Boothe v. Hausler*, 766 S.W.2d 788, 789 (Tex. 1989)).

We will not reverse a judgment on the admission or exclusion of evidence unless the appellant establishes that the trial court's ruling was in error and that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See In re Commitment of Ramsey*, No. 09-14-00304-CV, 2015 Tex. App. LEXIS 2844, at \*\*22, 24 (Tex. App.—Beaumont, Mar. 26, 2015, pet. denied) (mem. op.); *In re Commitment of McCarty*, No. 09-12-00083-CV, 2013 Tex. App. LEXIS 7855, at \*5 (Tex. App.—Beaumont June 27, 2013, pet. denied) (mem. op.); *see also* Tex. R. App. P. 44.1(a)(1). "'[T]he exclusion or admission [of evidence] is likely harmless if the evidence was cumulative, or the rest of the evidence was so one-sided that the error likely made no difference in the judgment.'" *In re Commitment of Hill*, No. 09-11-00593-CV, 2013 Tex. App. LEXIS 1881, at \*18 (Tex. App.—Beaumont Feb. 28, 2013, pet. denied) (mem. op.)

(quoting *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009)).

## RULE 404

In his first issue, Haines argues that the trial court erred in allowing the State to read Haines's admissions into the record. On appeal, Haines explains that he raised a Rule 404 objection to the State reading his admissions at trial, wherein he argued

> . . . I believe that the State's argument as to why these are admissible goes directly -- just like [the State's attorney] says, [to] my client's state of mind, that's going exactly to character formation. [The State's attorney is] trying to say that because [Haines] believes that, that's how he's going to behave, which is the exact reason why 404 exists.

Haines notes on appeal that Rule 404(a)(4) provides an exception whereby evidence of a witness's character may be admitted: "Evidence of a witness's character may be admitted under Rules 607, 608, and 609." Tex. R. Evid. 404(a)(4).[3] Haines argues that the Rule 404(a)(4) exception "necessarily requires an examination of the evidence to determine whether it was otherwise admissible

---

[3] Effective April 1, 2015, the Texas Supreme Court and Texas Court of Criminal Appeals adopted amendments to the Texas Rules of Evidence. *See* 78 Tex. B.J. 42 (Tex. 2015). The amendments were part of a restyling project that may have changed the wording of some of the evidentiary rules cited in this opinion. *Id.* All citations to the rules of evidence in this opinion refer to the rules in effect at the time of Haines's trial.

under Rule 607, 608, and 609[,]" citing to *Simplified Development Corporation v. Garfield*, No. 14-06-00526-CV, 2008 Tex. App. LEXIS 1127, at **24-25 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (mem. op.). *Garfield* is inapposite to the facts now before us because the character evidence in *Garfield* pertained to the exception for evidence of a witness's character. *Id.* at **23-24.[4] Here, the record does not reflect that Haines's admissions were offered pursuant to the exception for evidence of a witness's character under 404(a)(4), and we need not engage in an analysis under Rule 607, 608, and 609.

The State argues that Rule 404(a) only applies to exclude evidence when the evidence is offered "to prove that on a particular occasion the person acted in accordance with the character or trait." *See* Tex. R. Evid. 404(a). And, the State further explains that it did not introduce evidence of Haines's prior convictions or the details of his offenses in order to prove that he acted in conformity therewith on a particular occasion, but rather to prove that he currently suffers from a behavioral abnormality. Citing to our opinion in *In re Commitment of Simmons*, the State also argues that a trial court may allow admissions to be read into the record. *See In re*

---

[4] At the time *Garfield* was decided, Rule 404(a)(3) provided the exception for evidence of a witness's character. *Compare* former Tex. R. Evid. 404(a)(3) *with* current Tex. R. Evid. 404(a)(4) (as amended effective April 1, 2015); *Simplified Development Corporation v. Garfield*, No. 14-06-00526-CV, 2008 Tex. App. LEXIS 1127, at **24-25 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (mem. op.).

*Commitment of Simmons*, No. 09-11-00507-CV, 2013 Tex. App. LEXIS 6319, at **9-10 (Tex. App.—Beaumont May 23, 2013, no pet.) (mem. op.) (in an SVP civil commitment case, it was not an abuse of discretion to allow admissions to be read in the factual record where the admissions related to the jury's determination of whether respondent had a behavioral abnormality and was likely to reoffend). We agree.

We have previously decided that responses to requests for admissions may be read or otherwise entered into evidence. *See In re Commitment Jackson*, No. 09-12-00291-CV, 2013 Tex. App. LEXIS 13507, at **3-4 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.) (citing *In re Commitment of Malone*, 336 S.W.3d 860, 862 (Tex. App.—Beaumont 2011, pet. denied). The admissions were relevant to the jury's determination of whether Haines had a behavioral abnormality, which was an ultimate issue and the evidence was not offered to prove conduct in conformity with character on a particular occasion. Rule 404(a)(1) does not preclude admission of the responses to requests for admissions, and the trial court need not have determined whether an exception under Rule 404(a)(4) applied.

We further note that the erroneous admission of evidence is generally harmless when it is cumulative of other evidence admitted during the trial. *See*

13

*Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). At trial, Dr. Clayton testified regarding the details of the sexual offenses for which Haines was convicted, and Haines did not make a Rule 404 objection to Dr. Clayton's testimony. Therefore, even if the trial court had erred in admitting Haines's responses to the requests for admissions, such evidence was cumulative of other evidence to which Haines did not object, and any such error was harmless. *See id.*; *cf. In re Commitment of Green*, No. 09-13-00273-CV, 2013 Tex. App. LEXIS 14995, at **6-7 (Tex. App.—Beaumont Dec. 12, 2013, no pet.) (mem. op.) (no error to admit requests for admissions concerning prior offenses where pen packets, expert testimony, and the respondent's own testimony concerning such conduct were admitted without objection and pertained to the same issue at trial).

Moreover, in light of Haines's and Dr. Clayton's testimony, we conclude that Haines has not demonstrated that the judgment turns on the complained-of evidence. *See City of Brownsville*, 897 S.W.2d at 753-54 ("A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted."). Even if the admission of the complained-of evidence was in error, the record does not suggest such evidence probably caused the rendition of an improper judgment. *See In re*

14

*Hill*, 2013 Tex. App. LEXIS 1881, at *18; *see also* Tex. R. App. P. 44.1(a)(1). We overrule Haines's first issue.

RULE 403

In his second issue, Haines argues that the trial court erred by allowing Haines's own testimony concerning the details of his offenses because such evidence was more prejudicial than probative under Texas Rule of Evidence 403. At trial, although not specifically referencing Rule 403, Haines objected to the State questioning Haines about the details of his offenses, arguing that "any probative value . . . will be substantially outweighed by -- it's going to be outweighed by the substantial prejudicial effect[]" and that it would have "a more prejudicial effect and there's very little probative value[.]"

Prior to questioning Haines about the details of his offenses, the State's attorney approached the bench, in accordance with the trial court's pretrial ruling on the motion in limine, and said, "At this time we're going to be getting into the convictions." Haines objected at trial to the testimony on the basis of Rules 403, 404, and 609, and the State's attorney responded "We're talking about a behavioral abnormality. As far as his arguments -- this is our opportunity to talk directly with him and glean further information. And our expert is also listening to further information." The court overruled Haines's objections and allowed the questions

15

and testimony. Haines's attorney also examined Haines at trial. Haines did not offer any fact or expert witnesses on his behalf at trial. We understand Haines's complaint on appeal to be that the evidence is unfairly prejudicial because it involves the repeated admission of the same or similar evidence of particularly distasteful acts of sexual deviance. Haines does not make a Rule 404 or 609 argument on appeal with respect to this testimony.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. In an SVP case, we have explained that "[e]vidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis, commonly, but not necessarily, an emotional one." *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied). We have also indicated that the factors the trial court should consider in deciding whether to exclude evidence about other sexual offenses include: (1) the probative value of the evidence, (2) its potential to impress the jury in some irrational way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Id*. "The trial court has discretion to determine whether the probative value of proffered evidence is substantially outweighed by the danger of unfair prejudice." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 812 (Tex. 2010). We

16

assume the trial court applied the Rule 403 balancing factors, but it need not have done so on the record. *See Allstate Tex. Lloyds v. Potter*, 30 S.W.3d 658, 662 (Tex. App.—Texarkana 2000, no pet.).

In an SVP civil commitment proceeding, the State bears the burden to prove beyond a reasonable doubt that the respondent has a behavioral abnormality. *See* Tex. Health & Safety Code Ann. § 841.062 (West 2010); *In re Commitment of Morales*, 98 S.W.3d 288, 291 (Tex. App.—Beaumont 2003, pet. denied). A person is a sexually violent predator if the person "is a repeat sexually violent offender[] and suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence." Tex. Health & Safety Code Ann. § 841.003(a) (West Supp. 2015). A behavioral abnormality is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2) (West Supp. 2015). We cannot say that the trial court abused its discretion in allowing the State to examine Haines about the details of his offenses. *See generally In re Commitment of Alvarado*, No. 09-13-00217-CV, 2014 Tex. App. LEXIS 3343, at **25-30 (Tex. App.—Beaumont Mar. 27, 2014, pet. denied) (mem. op.) (concluding the trial court did not abuse its discretion by allowing

17

expert to testify about details of respondent's past sexual offenses); *In re Commitment of King*, No. 09-13-00255-CV, 2014 Tex. App. LEXIS 724, at \*\*3-8 (Tex. App.—Beaumont Jan. 23, 2014, no pet.) (mem. op.) (same). Here, Dr. Clayton also testified that sexual deviancy is one risk factor for reoffending and that the facts of Haines's offenses are important in explaining his particular sexual deviancy and helping both her and the jury understand the depth and breadth of the acts he committed while acting out on his sexual deviancy.

The trial court could have reasonably concluded that the testimony from the respondent was relevant to the jury's determination of whether Haines has a behavioral abnormality and is a sexually violent predator. *See, e.g.*, *In re Commitment of Wilson*, No. 09-08-00043-CV, 2009 Tex. App. LEXIS 6714, at \*14 (Tex. App.—Beaumont Aug. 27, 2009, no pet.) (mem. op.) (a jury may infer current dangerousness from expert testimony and from a respondent's past behavior and his own testimony); *In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at \*\*18-21 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.) (concluding that the jury could have reasonably inferred that the respondent lacked the ability to control his conduct based in part on his own testimony regarding his past acts and offenses). Furthermore, Dr. Clayton explained which facts she considered and how those facts influenced her

evaluation of Haines. The evidence assisted the jury in weighing the evidence regarding the ultimate issue in the case, and Haines's testimony about the details of his offenses was not unfairly prejudicial. *Cf. In re Commitment of Ford*, No. 09-11-00425-CV, 2012 Tex. App. LEXIS 2221, at \*\*4-5 (Tex. App.—Beaumont Mar. 22, 2012, no pet.) (mem. op.) (no error to admit experts' testimony about the details of a respondent's offenses because the evidence assisted the jury in weighing the experts' testimony regarding the ultimate issue in the case) (citing *In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied)); *In re Commitment of Petersimes*, 122 S.W.3d 370, 373 (Tex. App.—Beaumont 2003, pet. denied) (admission of pen packets, which included details of respondent's prior convictions, was not unfairly prejudicial under Rule 403 because they were offered as evidence of future dangerousness). The record reflects that the trial court did not abuse its discretion in allowing the testimony of which Haines complains on appeal.

Furthermore, even if the admission of Haines's testimony about his offenses was erroneous, any such error is harmless. *See Nissan Motor Co.*, 145 S.W.3d at 144. The complained-of testimony was relevant to the issue of whether Haines suffers from a behavioral abnormality. Dr. Clayton testified regarding certain details of the sexual offenses for which Haines was convicted and Haines did not

make a Rule 403 objection to Dr. Clayton's testimony. Therefore, even if the trial court erred in admitting Haines's testimony concerning the details of his offenses, such testimony was cumulative of other evidence to which Haines did not object and any such error was harmless. *See id.*; *cf. In re Hill*, 2013 Tex. App. LEXIS 1881, at *18. We overrule Haines's second issue.

Having overruled both of Haines's issues on appeal, we affirm the trial court's judgment and order of commitment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on April 18, 2016
Opinion Delivered June 16, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.